Joseph Schaefer and Constance Schaefer, Appellants *v.* Zoning Board of Adjustment of the City of Pittsburgh, Appellee.

Argued May 7, 1981, before Judges MENCER, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Edward F. Kelly,* for appellants.

*Kathryn E. Hanna Katsafanas,* Assistant City Solicitor, with her *Mead J. Mulvihill, Jr.,* City Solicitor, for appellee.

OPINION BY JUDGE MENCER, October 6, 1981:

This is an appeal from an order of the Court of Common Pleas of Allegheny County sustaining a decision of the Zoning Board of Adjustment of the City of Pittsburgh (Board) which denied the application of the appellants, Joseph and Constance Schaefer, for a four-unit occupancy permit. We affirm.

The appellants are the owners of a three-story residence located in an "R-2" zoning district in the City of Pittsburgh. The "R-2" zoning classification limits the use of the property to a maximum of two dwelling units. From 1956 through 1958, the Bureau of Building Inspection (Bureau) issued four building construction permits to the then owners of the premises, Charles and Stella Janeski. The permits authorized

various changes in the premises, designed to accommodate them to the use of four units. After those changes were completed, the Bureau issed a "certificate of classification and legality of use in accordance with zoning regulations" to the Janeskis, on November 19, 1959, authorizing four-unit use.

On February 9, 1970, the Janeskis obtained a three-unit occupancy permit for the premises. Ten days later they conveyed the property to Richard and Lois Lininger and Gary and Katherine Titzel (second owners). The second owners conformed to the three-unit occupancy until they conveyed the premises to the appellants on August 26, 1971. Sometime thereafter, the appellants proceeded to adapt the premises to six-unit occupancy. The Building Inspection Department sought to enforce the three-unit occupancy upon learning of the appellants' action.

The appellants filed an application for six-unit occupancy, which the Board, after a hearing, denied on January 27, 1978. Upon learning of the 1959 certificate, the appellants filed a new application seeking the restoration of a four-unit occupancy permit. After a hearing, the Board denied the application on June 2, 1978. The appellants appealed the Board's second determination to the Court of Common Pleas of Allegheny County, which sustained the Board's decision in an order dated July 23, 1980. This appeal followed.[1]

The appellants contend here that (1) the Board abused its discretion or committed an error of law by

---

[1] The appellants' notice of appeal to this Court is limited to the merits of the lower court's order of July 23, 1980. It does not address the earlier order of the lower court dated March 21, 1980, pertaining to the tortuous procedural path of the case in that court. In this opinion, therefore, we address only the merits of the instant controversy and not the earlier procedural ruling. *See Coleman v. Bd. of Educ. of School Dist. of Phila.*, 477 Pa. 414, 383 A.2d 1275 (1978).

refusing to approve the requested four-unit occupancy as a valid nonconforming use[2] and by refusing to grant a variance and (2) the Board was estopped from denying the appellants the requested use. We reject their contentions.

First, the appellants argue that the Janeskis established a valid nonconforming use on the premises which was never subsequently abandoned. In *Marchese v. Norristown Borough Zoning Board of Adjustment*, 2 Pa. Commonwealth Ct. 84, 95, 277 A.2d 176, 183 (1971), we stated that

> the abandonment of a nonconforming use and the consequent termination of any legal right thereto results from a concurrence of facts, circumstances, and the intention of the owner of the premises or other person entitled to the use. Intention with respect to the abandonment of a nonconforming use is to be ascertained from overt acts, a failure to act, as well as statements.

Moreover, we have held that a disuse of a nonconforming use for a period of one year or more provides ample justification from which to infer an abandonment. *DiNardo v. City of Pittsburgh*, 15 Pa. Commonwealth Ct. 279, 325 A.2d 654 (1974).

---

[2] The Board's decision of June 2, 1978 acknowledged that the 1970 three-unit occupancy was a valid nonconforming use. However, the certificate issued in late 1959 does not indicate that the approved four-unit use was a valid nonconforming use. The district was zoned "R-2" from 1958 to the present and "B" residence from 1923 to 1958. Both "B" zoning and "R-2" zoning permit only one or two dwelling units. There is some question, therefore, whether a valid nonconforming use of the premises existed prior to 1958. We have not been asked to decide whether the three-unit occupancy was indeed a valid nonconforming use and reach no conclusion on that question. At its hearing on May 12, 1978, the Board indicated that it would not "go behind" the three-unit certificate of occupancy granted to the Janeskis in 1970.

An intention to abandon the four-unit use of the premises was clearly demonstrated by the Janeskis' application for, and receipt of, the three-unit occupancy permit in February 1970. The second owners ratified the abandonment by not contesting the change and by complying with the three-unit restriction for a period of a year and a half. The Board was therefore justified in concluding that the four-unit use of the premises had been abandoned prior to August 1971; it did not abuse its discretion or commit an error of law in denying the appellants a four-unit occupancy based upon an existing nonconforming use.

Second, the appellants argue that the Board erred in failing to approve a variance for a four-unit occupancy. Variances should be granted only sparingly and only under exceptional circumstances; in order to obtain a variance, a petitioner must prove that unnecessary hardship will result if the variance is not granted and that the variance will not be contrary to the public interest. *Sisko v. Zoning Board of Adjustment of Pittsburgh*, 36 Pa. Commonwealth Ct. 556, 389 A.2d 231 (1978). The appellants contend that they will suffer undue hardship because they have a significant investment in the premises and, if restricted to three-unit occupancy, they will not be able to realize a reasonable return on that investment or be able to maintain the current condition of the premises. This contention is meritless.

Unnecessary hardship is a condition which renders a property almost valueless without the grant of a variance. *Heisterkamp v. Zoning Hearing Board, City of Lancaster*, 34 Pa. Commonwealth Ct. 539, 383 A.2d 1311 (1978). The appellants' burden of demonstrating unnecessary hardship in complying with the zoning ordinance is not met by showing that they will suffer mere economic hardship or will be denied a reasonable profit from the premises. *Overstreet v. Zoning Hear-*

*ing Board, Schuylkill Township,* 49 Pa. Commonwealth Ct. 397, 412 A.2d 169 (1980); *Alfano v. Zoning Hearing Board of Marple Township,* 14 Pa. Commonwealth Ct. 334, 324 A.2d 851 (1974).

The appellants also argue that they are entitled to a variance because, at the time of purchase, they or the second owners did not know of the Janeskis' reduction to a three-unit occupancy. This is irrelevant. At the times of the earlier conveyances, both the second owners and the appellants were entitled to documentation in the agreement of sale indicating whether the premises were in compliance with the applicable district zoning ordinance.[3] If either the second owners or the appellants had made an inquiry of the Bureau or the zoning administrator, they would have been apprised of the existing three-unit occupancy restriction. Clearly the appellants should have known of the zoning status of the property prior to their purchase of it. Purchasers need, in their own interest, to check the zoning status of property before they conclude the purchase. *Pae v. Hilltown Township Zoning Hearing Board,* 35 Pa. Commonwealth Ct. 229, 385 A.2d 616 (1978). No special consideration need be afforded to a party who should have known of a zoning restriction. *Sisko v. Zoning Board of Adjustment of Pittsburgh.*

Finally, the appellants argue that the Board should have been estopped from denying them the right to a four-unit occupancy. The facts of this case, however, do not give rise to an estoppel. The doctrine of estoppel requires an innocent and justifiable reliance by the party seeking the estoppel upon the conduct or representations of the adverse party. *Stratford Arms, Inc. v. Zoning Board of Adjustment,* 429 Pa. 132, 239 A.2d

---

[3] *See* Section 3 of the Act of July 27, 1955, P.L. 288, *as amended,* and Section 3.1 of the Act of July 27, 1955, added by Section 2 of the Act of July 5, 1957, P.L. 502, 21 P.S. §§613, 613.1.

325 (1968). The appellants here never relied upon any actions or representations of the City of Pittsburgh which would give rise to an estoppel.

Order affirmed.

### ORDER

AND Now, this 6th day of October, 1981, the order of the Court of Common Pleas of Allegheny County, dated July 23, 1980, dismissing the appeal of Joseph Schaefer and Constance Schaefer and sustaining the decision of the Zoning Board of Adjustment of the City of Pittsburgh, is hereby affirmed.