Jon C. Botula *v.* Zoning Board of Adjustment of the City of Pittsburgh. City of Pittsburgh, Appellant.

Argued May 3, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*D. R. Pellegrini,* Deputy City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellant.

*Marc Rosenwasser,* for appellee.

OPINION BY JUDGE DOYLE, September 23, 1982:

This is an appeal by the City of Pittsburgh (City) from a decision of the Court of Common Pleas of Allegheny County granting Jon C. Botula (Appellee) a zoning variance so as to permit a two and one-half story building owned by Appellee to continue to be operated as a six unit multiple family dwelling. We reverse.

The structure in question herein is located at 5216 Fifth Avenue in the Squirrel Hill section of Pittsburgh and was purchased by Appellee in 1972 from Fort Pitt Federal Savings and Loan. At the time of the purchase the building was being used as a six unit apartment house. Appellee was informed by the solicitor for the seller that this use predated 1958 amendments to the zoning law with which it was not in compliance and that it was therefore legally permitted as a pre-existing non-conforming use. Appellee, however, did not receive a certificate of zoning compliance as required by Section 3 of the Act of July 27, 1955, P.L. 288, *as*

*amended*, 21 P.S. §613(a).[1] In 1977, Appellee, because he desired to sell the building, applied for the occupancy permit necessary to legally utilize the building as a six unit multiple family dwelling.[2] This application was denied by the Zoning Administrator on the grounds that, while the building is located in an R-4 Multiple Family district,[3] variances were needed from the area (4,187 square feet instead of 6,000 square feet), side yard (0 and 1 foot instead of 10 and 10 feet) and parking stall (0 instead of 6) requirements of Pittsburgh's Zoning Code.[4] Appellee then took the matter to the Board of Adjustment which, after a hearing, refused to grant the necessary variances. On appeal to the common pleas court, an additional hearing was held before a zoning referee who recommended that the variances be granted. The common pleas court adopted the referee's recommendation and the appeal to this Court, in which the City asserts that the grant

---

[1] Section 3 of the Act of July 27, 1955 reads:
In any city ... of the second class ... it shall be unlawful for any owner to sell his property, or any interest therein, unless the owner shall first deliver to the purchaser at or prior to the time for settlement a certification of the District classification, issued by the appropriate municipal officer indicating the zoning classification and the legality of the existing use of the property to be sold.

[2] The last prior occupancy permit of record for this structure was issued in 1957 and called for the building to be used as a two-family dwelling.

[3] Section 903.02(d) of Pittsburgh's Zoning Code defines a multiple-family dwelling as being "a building ... containing three or more dwelling units, each for exclusive use by one family." Section 937.02 of the Zoning Code includes in its list of uses permitted in an R-4 Multiple Family Residence District, one, two and multiple family dwellings.

[4] Thus, while a six unit dwelling is a permitted use, the other restrictions would circumscribe the actual use to a two dwelling unit. A certificate of occupancy for a two family unit dwelling was issued in 1957 to Appellee's predecessor in title.

of the variances was predicated solely on economic hardship and was therefore in error, followed.

This Court's scope of review in zoning appeals where, as here, the common pleas court has considered additional evidence is limited to a determination of whether that court has committed an error of law or abused its discretion. *Immordino v. Zoning Hearing Board of Morrisville Borough*, 65 Pa. Commonwealth Ct. 79, 441 A.2d 818 (1982).

"Variances should be granted only sparingly and only under exceptional circumstances.... " *Schaefer v. Zoning Board of Adjustment of the City of Pittsburgh*, 62 Pa. Commonwealth Ct. 104, 108, 435 A.2d 289, 291 (1981). The applicant for the variance has the burden of proving that the variance will not be contrary to the public interest *and* that unnecessary hardship will result if it is denied. *Sisko v. Zoning Board of Adjustment of Pittsburgh*, 36 Pa. Commonwealth Ct. 556, 389 A.2d 231 (1978).

Initially in the case at bar, we note that Appellee was unable to present evidence sufficient to establish that the building's use as a six unit apartment building predated the 1958 amendments to the Zoning Code. In addition, Appellee's reliance on the verbal assurance of the seller in 1972 that the six apartment units constituted a valid prior non-conforming use with respect to the 1958 amendments does not entitle him to special consideration as to the granting of a variance. *See Schaefer.*

The common pleas court based its granting of the variance on the following findings of fact: the buildings on either side of Appellee's are being put to a similar use; Appellee has put significant amounts of money into maintaining and renovating the building; the building's current use dates from approximately 1958 without any apparent detriment to the community; Appellee did not learn of the need for a variance

through any action initiated by the City; it would cost approximately $60,000 to convert the structure to a conforming two unit use, and it would be economically infeasible to limit rental income to that which could be derived from only two units. While these facts are arguably sufficient to satisfy Appellee's burden of establishing that the variance requested would not be contrary to the public interest, they do not establish that unnecessary hardship will result from a denial of the variance. Unnecessary hardship is established only where (1) the applicant has shown that the physical characteristics of the property at issue are such that it can *not* be used for a permitted purpose or can be arranged for such use only at prohibitive expense or (2) the applicant has shown that the characteristics of the area are such that the structure has either no value or only a distress value if restricted to the permitted use. *Nardozza Zoning Case*, 45 Pa. Commonwealth Ct. 482, 405 A.2d 1020 (1979). In the instant case the hardship which will accrue to Appellee if the variance is denied is economic. Much of it will derive from Appellee's own failure to properly ascertain the status of the buildings zoning compliance at the time he bought it. Economic hardship is not justification for the grant of a variance. *Schaefer; Sisko*. Moreover, Appellee, when testifying before the referee as to the ramifications of a denial of the variance and the impracticability of limiting the property's income to that to be derived from two rental units, especially if the building were specially converted for such a use, indicated it would be "practical" to convert the building to two townhouse units and sell them as condominiums. Thus, the common pleas court erred in concluding that Appellee had satisfied his burden of establishing that he will experience unnecessary hardship if restricted to uses permitted for his building and we must therefore reverse that court's order granting the variance sought by Appellee.

ORDER

Now, September 23, 1982, the order of the Court of Common Pleas of Allegheny County in the above captioned matter, Case No. SA 270 of 1978, dated August 25, 1980, is hereby reversed.