## Daniel P. Thompson et al., Appellants *v.* Carolyn Wean, Appellee.

Argued October 3, 1983, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Douglas W. Reed, Berger and Reed,* for appellants.

*John C. Carlin, Jr., Mercer, Mercer, Carlin & Scully,* for appellee.

OPINION BY JUDGE CRAIG, October 26, 1983:

In this zoning case, petitioners Daniel Thompson, Richard Gaier and the Shadyside Action Coalition appeal from an Allegheny County Common Pleas Court order affirming a decision of the Pittsburgh Zoning Board of Adjustment which granted a variance to the respondent, Carolyn Wean.

We must determine whether an earlier proceeding involving the subject property operates as res judicata to bar the present action, and if not, whether the zoning board abused its discretion or committed an error of law by granting the variance.[1]

The property involved in this appeal is located at 921 South Aiken Avenue in the Shadyside area of Pittsburgh. It is in an R-2 zone which permits one and two-family dwellings and requires a minimum lot area of 6,000 square feet for a two-family dwelling, with a minimum of 3,000 square feet per unit. The lot at 921 South Aiken has a total area of 2,400 square feet.

In 1975, the zoning administrator issued a three-family occupancy permit to the owner, Alan Patterson, based on the determination that the property had been used as a three-family dwelling before enactment of the R-2 zoning ordinance, and therefore qualified as a legally nonconforming use. In 1978, the board of adjustment sustained an appeal filed by the Shadyside Action Coalition, finding no evidence to support the determination of nonconforming use. On appeal to common pleas court, the trial judge affirmed the board's decision and approved a consent decree directing Patterson to reduce the occupancy of the property to "no more than one dwelling unit."[2]

Wean later entered into an agreement with Patterson for the purchase of 921 South Aiken Avenue.

---

[1] *Golla v. Hopewell Township Board of Supervisors*, 69 Pa. Commonwealth Ct. 377, 452 A.2d 273 (1982).

[2] The order provides, in pertinent part:

(1) By May 1, 1981, the defendants will reduce the occupancy of the premises at 921 South Aiken Avenue . . . to no more than one (1) dwelling unit and the occupancy of the premises at 917 South Aiken Avenue . . . to no more than two (2) dwelling units.

On February 4, 1982, the board of adjustment held a hearing concerning Wean's request for a variance to allow use as a two-family dwelling, with a lot area of 2,400 instead of 6,000 square feet, and sideyards of 0' and 0' instead of 10' and 10'. The board granted the requested variance over the objection of Shadyside Action Coalition and others, who then appealed to common pleas court. The trial judge affirmed the board's grant of the variance on the merits.

In this appeal from that decision, Shadyside Action Coalition argues that the 1978 proceeding and decree operates as res judicata to bar the present application for a variance.

For res judicata, petitioners must establish a concurrence of four elements: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; (4) identity of the quality in the persons for or against whom the claim is made. *Schubach v. Silver,* 9 Pa. Commonwealth Ct. 152, 305 A.2d 896 (1973), *rev'd on other grounds,* 461 Pa. 366, 336 A.2d 328 (1975).

The issue here is whether a variance should be granted with regard to minimum lot and sideyard requirements to permit use of the property as a two-family dwelling. In contrast, the first proceeding involved a determination of whether the property qualified as a legally nonconforming use so that it could properly be used as a three-family dwelling. In the first proceeding, the board's decision was limited to finding that there was no evidence that the property had been used as a three-family dwelling before enactment of the R-2 zoning ordinance. Nothing in that record indicates that either the board or court addressed the question of whether the property could be used as a two-family dwelling, given the lot size. Of course, the consent order set no adjudicative

precedent. Thus, the first proceeding did not operate as res judicata to bar the later variance proceeding on that issue.

The final contention on appeal is that Wean did not sustain her burden of proving entitlement to the variance according to the code criteria. We agree.

The board may grant a variance only where the application of the regulations to the special circumstances or conditions of the property would cause unnecessary hardship, depriving the owner of the reasonable use of the land or structure erected thereon.[3] Wean testified that she has purchased and renovated houses in this area in the past, and that she intends to do the same with this property. The only hardship which would come to bear on Wean, according to her own testimony, is that the property will not be as profitable as a single-family unit.[4] The courts of this Commonwealth have repeatedly held that economic hardship alone is an insufficient basis for the grant of a variance, where the issue is whether one type of development will be more profitable than another. *Botula v. Zoning Board of Adjustment of Pittsburgh,* 69 Pa. Commonwealth Ct. 164, 450 A.2d 316 (1982).

Furthermore, denial of the variance will not deprive the owner of a reasonable use of the property, nor render the property "practically valueless."

---

[3] Section 7, Act of March 31, 1927, P.L. 98, *as amended,* 53 P.S. §25057. *See also,* §909.05 of the Pittsburgh Zoning Code which is substantially to the same effect, although using different terms. The parties here have raised no question as to whether or not the present home rule status of the City of Pittsburgh is pertinent.

[4] Wean testified as follows:

With the current economic situation & so forth it doesn't to me make sense to do it as one family, simply. . . . So I am looking to really renovate it in the same way that I had before and done the other houses.

113

*Sisko v. Zoning Board of Adjustment of Pittsburgh,*
36 Pa. Commonwealth Ct. 556, 389 A.2d 231 (1978).
Although the lot dimensions do not even meet those
required by the code for a single-family unit, the property
has always been and can continue to be used as
such.

In the absence of any further evidence of record
to support the board's finding of unnecessary hardship,
we must conclude that the board abused its discretion
in granting the variance.

We therefore reverse.

ORDER

Now, October 26, 1983, the order of the common
pleas court dated September 7, 1982 is reversed and
the variance requested by respondent is disallowed.