## Breinig v. Zoning Hearing Board of Upper Moreland Township

*Alfred O. Breinig*, for plaintiff.
*George Ditter*, for defendant.

BROWN, *J.*, November 14, 1983—This matter comes before us on appeal from the Zoning Hearing Board of Upper Moreland Township denial of appellant's application for a variance. We affirmed the board by an order, dated May 31, 1983.

Appellant, Charles Breinig, is the owner of a combination real estate office/private residence located at 228 Davisville Road in Willow Grove. He purchased the property in 1977 and thereafter applied for and received a variance permitting him to maintain five parking spaces in the rear of his building instead of the 7.5 required by the ordinance.

By application dated September 22, 1980, he sought a second variance permitting him to convert an additional portion of the structure into office space and to comply with the resulting increased parking requirement by converting the driveway to the rear into three parking spaces. This would make the rear accessible only over the adjoining property whenever a car was parked in the driveway. He offered to the board a written agreement with Charles Kremp, the owner of that property, whereby they granted each other permission to cross the other's property. The agreement is terminable at any time by either party.

## DISCUSSION

Under Pennsylvania law, zoning boards are authorized to grant variances when: (1) the hardship complained of is the result of unique physical conditions of the property and not the zoning ordinance itself; (2) the variance is necessary to enable reasonable use of the property; (3) the property owner has not caused the hardship; (4) the variance will not alter the character of the neighborhood, impair the use of adjacent property or be detrimental to the public welfare; and (5) the variance sought must be the minimum variance necessary to afford relief.

Variances should be granted sparingly and only in exceptional situations. Botula v. Zoning Board of Adjustment of the City of Pittsburgh, 69 Pa. Commw. 164, 450 A.2d 316 (1982); Schaefer v. Zoning Board of Adjustment of the City of Pittsburgh, 62 Pa. Commw. 104, 435 A.2d 289 (1981). The applicant has the burden of proving that because of unique circumstances, conformity with the particular ordinance would cause unnecessary and unusual hardship. Appeal of Dinu from Decision of Zoning Hearing Board of Springfield Township, 69 Pa. Commw. 595, 452 A.2d 95 (1982); Gamestown, Inc. v. Zoning Board of Adjustment of the City of Pittsburgh, 70 Pa. Commw. 59, 452 A.2d 584 (1982). In addition, the hardship complained of must be such as to render the property practically valueless. Botula supra; Glazer v. Zoning Hearing Board of Worcester Township, 55 Pa. Commw. 234, 423 A.2d 463 (1980).

The zoning board denied the request concluding that Breinig had not met the requirements. The decision was correct; the evidence did not meet any of the requirements. There is no hardship much less one so extreme as to render his property practically

worthless. The result of compliance with the 1977 variance is that he cannot convert an additional portion of his building into office space.

There is another reason why this appeal is without merit. The variance he seeks leaves access to the property totally dependent upon an agreement terminable at any time. The potential for trouble and confusion in the future is obvious.

Further, the suggestion that the variance be granted for as long as the agreement exists is faulty for the same reason. Moreover, variances run with the land. "Whoever may be the owner of a given tract of land bears no reasonable relationship to the spirit and purpose of zonings acts and ordinances." Fernald Appeal, 75 Montg. Co. L. R. 84, 88, 17 D. & C. 2d 291, 296 (1958). Tremblay Appeal, 53 D. & C. 2d 766 (1971).

Finally, appellant correctly asserted that shared parking is permitted and encouraged in the commercial core district in which his property is located. Under the Upper Moreland Township Code, shared access or parking facilities may be part of a proposed development, however, section 8.03 requires that such development be applied for jointly by the owners. Only Breinig filed here.