Thomas D. Sariano, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 29, 1985, to Judges ROGERS and CRAIG and Senior Judge BARBIERI, sitting as a panel of three.

*Patrick T. Sullivan,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, February 19, 1985:

Thomas D. Sariano appeals from a decision of the Pennsylvania Unemployment Compensation Board of Review, which affirmed a referee's decision denying Sariano benefits on the grounds that he had voluntarily quit his part-time job, had been unavailable for work during the relevant weeks, and had failed to report the change in his circumstances to the compensation authorities. The board also affirmed the referee's determination that Sariano was liable for a fault overpayment of $826. We must determine whether a second referee's decision, concerning Sariano's second benefit year, governed the board as res judicata with respect to the present appeal.

On June 14, 1981, Sariano filed an application for benefits which Referee Shuey denied on September 9, 1982, citing the above points. The referee also determined that Sariano was liable for a fault overpayment for the weeks April 24 through May 29, 1982; the board affirmed that decision on November 1, 1982.

Before Referee Shuey's decision, on June 13, 1982, Sariano filed an application for benefits covering his second benefit year. On October 13, 1982, Referee Cavicchia found that Sariano was eligible for benefits and there had been no fault overpayment with regard to the weeks of June 19 through July 31, 1982.

Although not clearly stated, Sariano's contention appears to be that the second referee's decision, determining that he was eligible for benefits, controlled the board as res judicata in its consideration of the

first referee's decision regarding the initial application and benefit year.[1]

The cases have firmly established that res judicata requires the "concurrence of four elements: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; (4) identity of the quality in the persons for or against whom the claim is made." *Thompson v. Wean,* 78 Pa. Commonwealth Ct. 108, 111, 466 A.2d 1126, 1128 (1983).

Analysis of the present situation indicates that res judicata cannot apply because there is no identity of the thing sued upon in each of the relevant decisions. Referee Shuey based his decision upon Sariano's first application for benefits and addressed the weeks of April 24 through May 29, 1982. In contrast, Referee Cavicchia's decision concerned Sariano's second application for benefits and the weeks of June 19 through July 31, 1982. Furthermore, the facts underlying each application for benefits differ; during the earlier period, Sariano's alleged unavailability involved working for his father, in contrast with the situation in the later period when unavailability turned upon alleged absence from the state. *See Callery v. Blythe Township Municipal Authority,* 432 Pa. 307, 243 A.2d 385 (1968).

More fundamentally perhaps, res judicata cannot apply here because the doctrine contemplates an initial final determination which thereafter becomes binding on a subsequent determination. Sariano's contention, that the second referee's decision regard-

---

[1] The board argues, based on 2 Pa. C. S. §703(a), and Pa. R.A.P. 1551(a), that Sariano failed to raise the res judicata point before the board and therefore waived the issue. We note that the record contains a request for reconsideration addressed to the board, in which Sariano effectively raised the res judicata issue.

ing weeks in June and July could somehow bind the board's review of an earlier referee's decision for weeks in April and May, violates the very premise of the doctrine. Sariano cannot take advantage of the fortuity that Referee Cavicchia's decision on the second benefit year came before the board's final decision on the first benefit year, in order to bootstrap himself into an effective res judicata argument. As our Supreme Court observed, "[t]he essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." *Callery*, 432 Pa. 307, 312, 243 A.2d 385, 387 (1968).

Accordingly, we affirm.

ORDER

Now, February 19, 1985, the order of the Pennsylvania Unemployment Compensation Board of Review, No. B-211373, dated November 1, 1982, is affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.