624 A.2d 762

**Michael FEINSOD, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 25, 1992.

Decided April 19, 1993.

David L. Hill, for petitioner.

James K. Bradley, for respondent.

Before DOYLE, and FRIEDMAN, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Michael Feinsod appeals from a decision of the Unemployment Compensation Board of Review (the Board) which affirmed a referee's decision denying Feinsod benefits pursuant to Section 402(b) of the Unemployment Compensation Law [1] because he had voluntarily left employment without necessitous and compelling cause. Feinsod argues that this decision of the Board is barred by the doctrine of *res judicata* due to a previous unappealed referee's decision on the same application for benefits which found that he was not ineligible under Section 401(d)(1) of the Unemployment Compensation Law.[2] Feinsod also argues that substantial evidence does not support the Board's decision. We are unpersuaded by Feinsod's arguments and affirm.

[1] Act of December 5, 1936, Second Ex.Sess., P.L. 2897 (1937), *as amended*, 43 P.S. § 802(b).

[2] Act of December 5, 1936, Second Ex.Sess., P.L. 2897 (1937), *as amended*, 43 P.S. § 801(d)(1).

The factual and procedural history of this case may be summarized as follows: Feinsod was a part-time employee of the Life Line Ambulance Service (Life Line). Feinsod filed a claim for unemployment compensation benefits on September 8, 1991. On October 3, 1991, Life Line offered Feinsod a full time position. That day Feinsod voluntarily resigned because he felt that the full time repetitive lifting required would aggravate a pre-existing medical condition. Feinsod did not inform Life Line of any medical limitation which would prevent his accepting the full time position. Feinsod is a trained and experienced electrical engineer; he is available for full time employment in that field so long as it does not require repetitive heavy lifting.

The Office of Economic Security (OES) made two separate determinations on Feinsod's application for benefits. On October 21, 1991, the OES determined that Feinsod was able and available for work and, therefore, was not ineligible for benefits under Section 401(d)(1). Life Line appealed that decision. Following a November 21, 1991 hearing, the referee affirmed the OES determination on January 15, 1992. No appeal was taken from that January 15th decision. On October 22, 1991, OES issued a determination that Feinsod was ineligible for benefits under Section 402(b) because he had voluntarily terminated his employment without necessitous and compelling cause. Feinsod appealed that decision. Following a December 9, 1991 hearing, the same referee affirmed the OES determination on February 3, 1992. Feinsod appealed the referee's second decision and the Board affirmed.

 Our standard of review in this case is clear. We will examine the record to determine if constitutional rights have been violated, an error of law has occurred, or whether necessary findings of fact are supported by substantial evidence. *Uniontown Newspapers, Inc. v. Unemployment Compensation Board of Review*, 126 Pa.Commonwealth Ct. 102, 558 A.2d 627 (1989). The Board resolves questions of credibility, evidentiary weight and what inferences are to be drawn from the evidence. *Matvey v. Unemployment Compensation Board of Review*, 109 Pa.Commonwealth Ct. 591, 531 A.2d 840

(1987). Board findings are binding on appeal if they are properly supported by the record. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

■ Initially, Feinsod argues that the unappealed January 15, 1992 referee's decision, which found he was not ineligible for benefits under Section 401, acts as a *res judicata* bar to the Board decision.[3] Feinsod cites Sections 501 and 509 of the Unemployment Compensation Law[4] in support of his argument. Section 501 provides in relevant part as follows:

**Determination of compensation appeals.**

(a) The department shall promptly examine each application for benefits and on the basis of the facts found by it shall determine whether or not the application is valid. Notice shall be given by the department in writing to the claimant and each base year employer of the claimant, stating whether or not the claimant is eligible under section four hundred and one (a), ...

. . . .

(e) Unless the claimant or last employer or base-year employer of the claimant files an appeal with the Board, ... such determination of the department with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

Section 509 provides in relevant part as follows:

**3.** We pause to refute the Board's argument that Feinsod has waived any *res judicata* issue by failing to raise it before the referee. Examination of the chronology of the procedural history outlined above reveals the impossible burden the Board would place upon claimants. Feinsod argues that the January 15, 1992 decision became *res judicata* when it was not appealed by January 30, 1992. The Board's waiver argument would require Feinsod to raise the finality of that decision at the December 9, 1991 hearing before the referee. The Board asks us to find that Feinsod's failure to present to the referee on December 9, 1991 the impact of a decision that had not yet been rendered, let alone become final, constitutes waiver of that issue. We decline to so hold; justice may be blind but it can read a calendar.

**4.** Act of December 5, 1936, Second Ex.Sess., P.L. 2897 (1937), *as amended*, 43 P.S. §§ 821, 829.

**Collateral attack**

> Any decision made by the department or any referee or the board shall not be subject to collateral attack as to any application claim or claims covered thereby or otherwise be disturbed, unless appealed from.

Feinsod concludes that, when the January 15, 1992 referee's decision regarding Section 401 eligibility became final, all questions as to his eligibility for benefits were settled. He further concludes that any further proceedings regarding his eligibility under Section 402 constitute a statutorily prohibited collateral attack. We do not agree.

The precise question before the administrative authorities was different in each proceeding. The question of whether Feinsod was able and available for work, and so not ineligible for benefits under Section 401, is separate and distinct from the Section 402 question of whether he voluntarily terminated his employment without necessitous and compelling cause. Thus, the proceeding examining the Section 402 question does not collaterally attack any determination necessary to decide the Section 401 inquiry. Further, the January 15, 1992 decision specifically reserved the question of whether Feinsod could be ineligible under a separate section of the Unemployment Compensation Law:

> The Referee notes that the claimant refused available work during the week ending October 5, 1991. The Referee was precluded from ruling under Sections 401, 4(u) and 404(d) of the Law because the Office of Employment Security did not provide the Referee with sufficient data, i.e. claim record, nor did they rule under those sections of Law. The Office may wish to conduct fact finding and issue a decision under these sections regarding claim week ending October 5, 1991. ORDER: The determination of the Office is AFFIRMED and claim credit for the waiting week ending September 14, 1991 and benefits for the compensable weeks ending September 21, 1991 through October 5, 1991 are ALLOWED *if otherwise eligible.*

(Referee's Decision, 1/15/92, p. 2.) (Emphasis added.)

█ Most importantly, the two decisions address different claim weeks. As quoted above, the January 15, 1992 decision

finds Feinsod not ineligible for benefits for the weeks ending September 14 through October 5, 1991. The February 3, 1992 decision denies Feinsod benefits for the week ending October 12, 1991. A decision as to eligibility in one period is not *res judicata* as to eligibility in a separate and distinct period. *Sariano v. Unemployment Compensation Board of Review*, 87 Pa.Commonwealth Ct. 587, 487 A.2d 1064 (1985).[5]

Feinsod also argues that necessary factual findings made by the Board are not supported by substantial evidence. Specifically, Feinsod attacks the finding that he voluntarily terminated his employment. The record contains a copy of a letter of resignation submitted by Feinsod to Life Line on October 7, 1991 which states "It is with deep regret that I must leave my temporary position with the company effective immediately. Due to unusual circumstances I can no longer remain with your firm." (Exhibit to Item No. 4). Feinsod claims his uncontradicted testimony indicates this resignation was submitted at the request of his supervisor, Mr. Robinson. To the contrary, Mr. Robinson denied any recollection of asking Feinsod to resign:

5. We must express our concern regarding the procedural course charted by the Office of Employment Security in this case. Although these two decisions address separate periods, they arose from the same application and are clearly based in the same set of operative facts. The Board characterizes this bifurcation of the issues as "admittedly administratively inefficient". (Board Brief, p. 14.) More than merely inefficient, we question the propriety of this course under the applicable regulations. On appeal to the referee, the OES is "deemed to have ruled upon all matters and questions pertaining to the claim. ... any issue in the case may, with the approval of the parties, be heard, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby." 34 Pa.Code § 101.87. If the OES is to be deemed to have addressed all issues, it would behoove it to do so. Moreover, the administrative authorities were free to consolidate the hearings on the appeals. 34 Pa.Code § 101.22. These decisions examine many of the same facts and seem ripe for consolidation. Consolidation of the hearings brings all the issues pertaining to this claim before the referee at the same time. Not only would this prevent the type of *res judicata* claim raised here, consolidation also better serves the application of the waiver doctrine to administrative proceedings by addressing all issues in one proceeding. *See Wing v. Unemployment Compensation Board of Review*, 496 Pa. 113, 436 A.2d 179 (1981).

Q. Yes, Mr. Robinson, is it true that you made the request that he (Feinsod) fill out a resignation?

A. I don't remember asking Mr. Feinsod to resign. I remember offering him full-time work.

(Notes of Testimony, 12/9/91, p. 12.) The letter of resignation and Mr. Robinson's testimony support the Board's determination that Feinsod voluntarily terminated his employment.[6] Feinsod does not challenge any other factual finding made by the Board. Thus, the remaining findings are conclusive on appeal. *Salamak v. Unemployment Compensation Board of Review,* 91 Pa.Commonwealth Ct. 493, 497 A.2d 951 (1985).

Affirmed.

## ORDER

Now, April 19, 1993, the order of the Unemployment Compensation Board of Review, dated May 6, 1992, at B–298584, is affirmed.

DOYLE, J., dissents.

This decision was reached and the opinion adopted prior to the death of Judge Barry.

6. Feinsod makes no argument regarding the Board's failure to make a specific credibility determination regarding whose testimony was believed as to whether Mr. Robinson requested Feinsod's resignation. This Court will not infer credibility determinations from the decision of the fact finder. *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987). By basing his argument solely on a claim of uncontradicted evidence without reference to the absence of a credibility determination, however, Feinsod has waived that issue.