# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey L. Grim and Carol A. Grim,   :
          Appellants        :
                           :
          v.                :   No. 2482 C.D. 2015
                           :   ARGUED:  September 15, 2016
Zoning Hearing Board of Perry    :
Township and Township of Perry,   :
Berks County and Earl Christman,  :
James P. Adam, Jan M. Adam and  :
Dean A. Adam                :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE HEARTHWAY              FILED:  December 9, 2016

Jeffrey and Carol Grim (Landowners) appeal from the order of the Court of Common Pleas of Berks County, dated November 18, 2015, affirming a decision by the Zoning Hearing Board (ZHB) of Perry Township, denying Landowners' requests for a variance by estoppel or a special use exception.  We affirm.

Landowners own a 48.5 acre parcel in Perry Township (Township), Berks County.  The property is zoned Rural Agricultural (R-A), where the operation of a recreational club or facility is not permitted as of right. Nevertheless, Landowners leased the property to the Fairview R/C Flyers Club

(Club) in 2007. The Club used the property to fly model aircraft daily from 9 a.m. until dusk, weather permitting. After receiving complaints from neighbors about Club activities, the Township issued a Notice of Violation (NOV) on August 22, 2014. The NOV stated that the Club's activities were not permitted by right in the R-A Zoning District and that the use was never authorized.

Landowners filed an appeal with the ZHB on September 18, 2014, arguing that they were entitled to a variance by estoppel, or in the alternative, a special use exception. The ZHB held public hearings on November 17, 2014, and December 15 and 29, 2014, where evidence of the following was presented.

Model airplane clubs began flying remote control planes on the property in the late 1960s. In 1997, the ZHB granted Landowners a special exception to operate a nine-hole golf course on the property. Model airplane club activity on the property ceased from 1998 until 2007, when the golf course closed.

The Club commenced operation on the property in 2007 under an annual lease with Landowners for $10,000 per year. In addition to daily flight activity, the Club also hosted fundraising events on three or four weekends a year. Many of the model planes in use had wingspans up to ten feet. Model jets weighed up to 55 pounds and traveled at speeds in excess of 200 miles per hour. The aircraft flew in an oval path that extended beyond the boundaries of Landowners' property. The Club president testified that he was aware of approximately 12 crashes of model aircraft on adjacent properties over an eight year period. One neighbor testified that approximately ten model aircraft had crashed on his land.

2

Another neighbor stated that he had experienced approximately 12 crashes per year on his property.

In April 2014, Landowners obtained a building permit from the Township for construction of a 2,400 square-foot pole building, which has been used for storing model aircraft and other equipment (e.g., golf carts, lawn mowers). The cost of the building exceeded $25,000. The application for the building permit did not refer to model aircraft operation or storage.

The ZHB issued a decision on April 13, 2015, denying Landowners' requests. On April 23, 2015, Landowners filed an appeal with the Berks County Court of Common Pleas, which relied on the record from the ZHB hearings and did not take additional evidence. On November 17, 2015, the trial court affirmed the decision of the ZHB. On December 4, 2015, Landowners filed a timely appeal to this Court.

Our standard of review is well-settled. Where the trial court does not take additional evidence, the zoning board's decision must be upheld unless the board committed an error of law or "a manifest abuse of discretion." *Valley View Civic Association v. Zoning Board of Adjustment*, 462 A.2d 637, 639 (Pa. 1983). A zoning board abuses its discretion "only if its findings are not supported by substantial evidence." *Id.* at 640.

Landowners argue that they are entitled to a variance by estoppel that would permit Club members to continue operating model aircraft from the

property. A "variance by estoppel is an unusual remedy under the law and is granted only in the most extraordinary of circumstances." *Skarvelis v. Zoning Hearing Board of Dormont,* 679 A.2d 278, 281 (Pa. Cmwlth. 1996) (citations omitted). The remedy is limited to circumstances "when a property owner. . . has maintained a use of property contrary to the zoning laws for a long period of time." *Colelli v. Zoning Board of Adjustment of City of Pittsburgh,* 571 A.2d 533, 534 (Pa. Cmwlth. 1990). An applicant for a variance by estoppel must establish:

> (1) the municipality's failure to enforce the ordinance for a long period of time; (2) that the municipality knew, or should have known, of the illegal use and "actively acquiesced" in the illegal use; (3) reliance by the owner on the appearance of regularity that the municipality's inaction has created; (4) hardship created by the cessation of the illegal use; and (5) that the variance will not be a threat to the health, safety or morals of the community.

*Id.* at 534-35. For Landowners to "prevail under a theory of variance by estoppel, they must establish the essential factors by clear, precise and unequivocal evidence." *Springfield Township v. Kim,* 797 A.2d 717, 721 (Pa. Cmwlth. 2002) (citation omitted).

The ZHB and trial court both concluded that Landowners failed to establish two of the essential factors by clear, precise and unequivocal evidence: that cessation of the illegal use would create a hardship and that the variance would not be a threat to the health, safety, or morals of the community. Focusing on just

4

these two factors, we agree that the ZHB's findings are supported by substantial evidence and there has been no manifest abuse of discretion.[1]

On the issue of hardship, Landowners contend that their $25,000 expenditure on the pole building and the loss of the $10,000 annual lease with the Club would amount to a hardship and cite *Vaughn v. Zoning Hearing Board of Township of Shaler*, 947 A.2d 218 (Pa. Cmwlth. 2008), as support for their position. In *Vaughn*, this Court ruled that a property owner was entitled to a variance by estoppel to preserve a non-conforming retaining wall on his property. The property owner in *Vaughn* established that the denial of a variance would result in hardship with evidence that enforcement of the relevant ordinance would require an expenditure of $20,000 to demolish and remove the offending wall. *Id.* at 224.

This case is distinct from *Vaughn* in that the denial of a variance will not require Landowners to pay to demolish the pole building or any other structure. Although Landowners argue that the sole purpose of the pole building is to store model aircraft, the record shows that Landowners also store golf carts, lawn mowers and other equipment therein. (R.R. 108-09a, Notes of Testimony, 11/17/2014, at 89-90). Landowners' prior investment in the pole building, a structure demonstrably adaptable to other uses in the absence of a variance, does not support a finding of hardship. Nor does the loss of income from the lease to the Club.

---

[1] Having found Landowners failed to establish these two factors, this Court need not analyze the additional factors addressed by the ZHB and trial court.

A mere showing of some economic loss is insufficient to demonstrate unnecessary hardship in the context of a variance by estoppel. 679 A.2d at 283-84. "[U]nnecessary hardship is a condition which renders a property almost valueless without the grant of a variance." *Schaefer v. Zoning Board of Adjustment of the City of Pittsburgh*, 435 A.2d 289, 292 (Pa. Cmwlth. 1981). The record shows that Landowners previously operated a golf course on the property and the record is void of any other evidence that shows the property is not susceptible to a valuable permitted use in the absence of a variance. Consequently, Landowners have failed to demonstrate sufficient hardship to support the grant of a variance by estoppel.

To qualify for a variance by estoppel, Landowners also must establish that the variance would not pose a threat to the health and safety of the community.[2] 571 A.2d at 535. Both the ZHB and the trial court concluded that Landowners also failed to meet that burden, however. The ZHB found that the Club's activities would "be detrimental to the public health, safety and general welfare" of neighboring properties. Decision of the ZHB, April 13, 2015. (R.R. at 506a.) The trial court stated:

> The record clearly demonstrates that the speed, size and weight of the model airplanes and jets have increased over the past five decades to characteristics where safety needs to be the primary concern. When the Club restarted its recreational activities in 2007, the scope of its use rapidly grew to include larger, heavier and louder model planes and jets.

---

[2] Likewise, if Landowners are to prevail in their alternative argument that they are entitled to a special use exception that would permit Club activities to continue, they must show that the proposed use would not adversely affect the health and safety of residents or workers on adjacent properties. Township of Perry Zoning Ordinance 502.3(e). (R.R. at 557a.)

> The record is replete with testimony. . . evidencing the Club's inability to ensure the safety of [Landowners'] neighbors and the public at large. There have been numerous complaints, crashes, and trespasses by Club members retrieving fallen parts from neighboring land. The Club's actions are increasingly putting residents, workers, livestock, buildings, equipment, and crops in threatening situations.

Trial Court Opinion, January 22, 2016, at 12-13. (Landowners' Br., Appendix B.)

Landowners characterize the evidence of danger to health and safety in this case as merely speculative. They argue that this case is controlled by *JoJo Oil Company v. Dingman Township Zoning Hearing Board*, 77 A.3d 679 (Pa. Cmwlth. 2013). In *JoJo,* a home heating oil company sought a special use exception to operate a bulk fuel transfer station. Neighbors objected, testifying about their proximity to the proposed fuel station and fears of an explosion. *Id.* at 684. The local zoning hearing board denied the request for a special use exception in part because of the potential risk of explosion posed to adjoining properties. *Id.* at 685. The oil company appealed that decision to the trial court, which reversed the local zoning hearing board. "[T]he trial court found that there was a lack of testimony as to the level of risk of an explosion," and reasoned that the objecting neighbors "merely speculated as to the risk of explosion." *Id.* On appeal, this Court affirmed the trial court. We ruled that "[a] proposed use's detrimental effect on public safety must be established by *evidence*," and that "[m]ere *speculation* as to a possible harm is insufficient." *Id.* at 688-89 (emphasis added) (citation omitted).

However, unlike the evidence in *JoJo,* the evidence before the ZHB in this case included concrete accounts of model aircraft repeatedly crashing on adjacent property. There is substantial evidence to support the finding that the operation of these model planes poses a serious threat to persons on adjoining land. Therefore, Landowners have failed to establish that they are entitled to a variance by estoppel.

Similarly, because the record supports the conclusion that the Club's activities would have an adverse effect on the health and safety of residents and workers on adjacent properties, the ZHB and trial court properly concluded that Landowners do not qualify for a special use exception.

Accordingly, we affirm the decision of the trial court.

_____
JULIA K. HEARTHWAY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey L. Grim and Carol A. Grim,   :
            Appellants   :
                               :
          v.            :   No. 2482 C.D. 2015
                               :
Zoning Hearing Board of Perry   :
Township and Township of Perry,   :
Berks County and Earl Christman,   :
James P. Adam, Jan M. Adam and   :
Dean A. Adam                :

# O R D E R

AND NOW, this 9th day of December, 2016, the order of the Berks County Court of Common Pleas is affirmed.

_____
JULIA K. HEARTHWAY, Judge