John W. Dziedzic, Jr., Appellant v. Zoning Hearing Board of Upper Hanover Township, Appellee.

Argued March 5, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Luke F. McLaughlin, III*, with him *J. William Ditter, III*, for appellant.

*Gregory S. Ghen*, with him *Gerald J. Mullaney*, for appellee.

OPINION BY JUDGE MACPHAIL, April 29, 1982:

John W. Dziedzic, Jr. (Appellant) has appealed from an order of the Court of Common Pleas of Montgomery County which affirmed the decision of the Upper Hanover Township Zoning Hearing Board

(Board) ordering Appellant to cease and desist from conducting an auto body or automotive repair business upon his premises. We affirm.

The subject property of this appeal consists of approximately twenty acres of land situated along Gerryville Pike in Upper Hanover Township. There is no dispute that the property has been zoned, since 1955, as residential property. There is also no dispute that prior to the 1955 enactment of zoning in the Township this property had been used as an automobile junkyard for the salvage and sale of used automotive parts and that such a use has continued to the present.

At issue in the case, however, is whether Appellant may also operate an auto body repair and automotive repair business on this property as either a continuance or necessary extension of a prior nonconforming use. The Board, in issuing its cease and desist order, determined that these latter uses were not protected prior uses or necessary extensions of the prior use but rather were new nonconforming uses prohibited under the ordinance. The lower court, without taking further evidence, determined that the Board did not abuse its discretion or commit any error of law in this decision.

We have reviewed the briefs and record in this case,[1] and agree with the lower court. Therefore, we shall affirm on the basis of the able opinion of the late Judge Moss, *Dziedzic v. Zoning Hearing Board of Up-*

---

[1] Appellant in his brief also argued, as grounds for reversal, that not all Board members were present at all times during the hearings, in violation of Section 908(2) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908(2), and that the Board was capricious in allowing certain allegedly irrelevant testimony to be admitted. Our examination of the record in this case reveals that neither of these issues were raised on appeal to the Common Pleas Court and therefore cannot be raised at this time. *Putkowski v. City of Scranton*, 58 Pa. Commonwealth Ct. 604, 428 A.2d 743 (1981).

*per Hanover Township,* Pa. D. & C. 3rd (1980), with added reference to *Abbot v. Commonwealth,* 56 Pa. Commonwealth Ct. 482, 425 A.2d 856 (1981).

## ORDER

AND NOW, this 29th day of April, 1982, the order of the Court of Common Pleas of Montgomery County, No. 78-21535, dated December 1, 1980, is hereby affirmed.

This decision was reached prior to the resignation of Judge MENCER.