Emidio Vagnoni, Appellant *v.* Zoning Hearing Board of Exeter Township, Appellee.

432

Argued January 31, 1983, before Judges BLATT, MacPHAIL and DOYLE, sitting as a panel of three.

*Adam B. Krafczek, Austin, Boland, Connor and Giorgi,* for appellant.

*Paul T. Essig,* for appellee.

OPINION BY JUDGE DOYLE, May 24, 1983:

Emidio Vagnoni appeals an order of the Court of Common Pleas of Berks County affirming a decision of the Exeter Township Zoning Hearing Board (Board) which denied several variances requested for two contiguous properties Vagnoni owns. We affirm.

One of the parcels in question fronts on Perkiomen Avenue (U.S. Route 422) for approximately 173 feet and is undeveloped. The other parcel lies to the rear of the first and is improved with a residential dwelling in which Vagnoni and his family live. Both parcels are zoned C-7, the designation for a shopping center, and uses permitted in the zone include retail sales of goods, prepared foods and/or services. Vagnoni pro-

posed to lease the parcel which abuts Perkiomen Avenue for development of a Roy Rogers fast food, family restaurant.

The proposed size, shape and placement of the developer's building on the front lot required variances from the provisions of the Exeter Township Zoning Ordinance as follows:

(1) Reduction in minimum lot width from 400 feet to 173-188 feet.

(2) Reduction in open area from 15% to 9%

(3) Increase in the maximum paved area from 70% to 84%.

(4) Reduction in the minimum distance between highway access points from 300 feet to 150 feet.

(5) Reduction in building setback from 100 feet to 39 feet.

(6) Reduction in improvement setback from 20 feet to 3 feet.

(7) Reduction of setback from the dwelling on the adjacent rear tract from 50 feet to 30 feet.

(8) Reduction of side yard from 50 feet to 15 feet.

(9) Reduction of sign setback from 100 feet to 10 feet.

A hearing on the application for these variances was held on November 20, 1980, and on January 3, 1981, the Board rendered its decision denying the variances. On appeal, the Berks County Court of Common Pleas took no additional evidence and on August 21, 1981 affirmed the decision of the Board. This appeal to our Court followed.

Our scope of review is clear. In zoning cases where the court of common pleas took no additional evidence, review by the Commonwealth Court is to determine whether the Zoning Hearing Board abused its discretion or committed error of law. *Lake Adventure, Inc. v. Zoning Hearing Board of Dingman Township*, 64 Pa. Commonwealth Ct. 551, 440 A.2d 1284 (1982).

In order to establish the right to a zoning variance, a landowner must show, that the effect of the zoning ordinance is to burden his property with an unnecessary hardship unique to the property, that the grant of the variance will have no adverse impact on the public health, safety and welfare, and, where relevant, that the hardship is not self-inflicted and that the variance sought is the minimum variance that will afford relief. Section 912, Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912; *see also Marlowe v. Zoning Hearing Board of Haverford Township,* 52 Pa. Commonwealth Ct. 224, 415 A.2d 946 (1980). Unnecessary hardship has been defined as a condition rendering the property almost valueless without the grant of a variance. *Schaefer v. Zoning Board of Adjustment, City of Pittsburgh,* 62 Pa. Commonwealth Ct. 104, 435 A.2d 289 (1981).

Before the Board, three real estate experts testified that the parcel in question could not be developed for retail sales in strict compliance with the requirements of the zoning ordinance. One expert testified that the property had been marketed for at least five years without success. Vagnoni urges that this testimony established the hardship necessary for grant of the variances. On review of the record, we must disagree. There is no evidence in the record that the parcel cannot be developed for *any* use permitted in the zone without variance from the zoning requirements. Rather, the real estate experts testified that the property could not be put to its highest and best use, (a concept which has its roots in real estate marketing, not legislative act or judicial recognition), *i.e.* the fast food restaurant, in strict compliance with the zoning ordinance. In addition, no testimony was offered showing that the variances requested were the minimum variances necessary to develop the parcel. The

only testimony offered was that the proposed size, shape and placement of the building, which necessitated all the variances requested, would provide maximum parking and optimal traffic flow around the building.

Under these circumstances, we find no abuse of discretion or error of law in the Board's conclusion that Vagnoni failed to establish his right to a grant of the requested variances.

ORDER

Now, May 24, 1983, the order of the Court of Common Pleas of Berks County in the above referenced matter, dated August 21, 1981, is hereby affirmed.