Rose Serban et al., Appellants *v.* The Zoning Hearing Board of the City of Bethlehem et al., Appellees.

Argued April 5, 1984, before Judges WILLIAMS, JR., MACPHAIL and DOYLE, sitting as a panel of three.

*Edmund G. Hauff, Hauff & Turczyn,* for appellants.

*Philip M. Hof,* for appellee.

*Raymond J. DeRaymond,* for intervenors, Joseph T. Raymond and Tony Agusta.

*Thomas J. Maloney, Maloney & Danyi,* for intervenor, Michael F. Ronca and Sons., Inc.

OPINION BY JUDGE DOYLE, August 21, 1984:

This is an appeal from the order of the Northampton County Court of Common Pleas affirming the decision of the Zoning Hearing Board of the City of Bethlehem (Board) which granted two dimensional variances to Michael F. Ronca & Sons, Inc.

Michael F. Ronca & Sons (Owner) is the equitable owner of a property at 411 Webster Street in Bethle-

560

hem, Pennsylvania, upon which a five-story structure is located. Originally used for clothing and cigar manufacturing, the property is currently vacant and zoned for commercial and residential uses only. In 1981, Owner was granted variances from the minimum lot size and on-premises parking requirements[1] in order to install twenty-three residential units in the structure. Appellants, local landowners,[2] appealed to the Northampton County Court of Common Pleas which reversed the Board's decision on December 1, 1981.[3]

On February 10, 1982, Owner filed a new application for variances from minimum lot size and on-premises parking requirements, based upon Owner's revised plan to install only eighteen residential units in the structure. The Board granted the Owner's requested variances,[4] and the Court of Common Pleas later affirmed without taking additional evidence. It is this decision of the Court of Common Pleas from which Appellants presently appeal.

Initially Appellants argue that the court's denial of the Owner's request for variances in the 1981 action should have barred consideration of the Owner's present request for variances under the doctrine of res

---

[1] The building covers the entire lot, containing 3483 square feet of land. The Bethlehem Zoning Ordinance requires 2000 square feet of land for each dwelling unit. In addition, the Ordinance requires on-premises parking spaces for each unit, with a minimum of two parking spaces for each three bedroom unit, and one and three-fourths parking space for each two and one bedroom unit.

[2] Rose Serban, Nicholas Serban, and S. Louis Serban.

[3] The Owner appealed this decision to our Court at 10 C.D. 1982. This appeal was later withdrawn on March 24, 1983.

[4] The variances consisted of a reduction in lot size from the required 36,000 square feet to 3483 square feet, and the permission to provide the thirty-two required parking spaces on an off-premises lot within a two block radius of the building.

judicata.[5] While res judicata may be applied in zoning cases, our Supreme Court has observed that it should be applied "sparingly." *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975), *ARCO v. City of Bethlehem*, 69 Pa. Commonwealth Ct. 6, 450 A.2d 248 (1982). It has been held that an order of court affirming a decision by a zoning board refusing a variance does not preclude a subsequent grant of a variance for the same land if there has been a subsequent substantial change in condition incident to the land itself. *Filanowski v. Zoning Board of Adjustment*, 439 Pa. 360, 266 A.2d 670 (1970); *DiBello v. Zoning Board of Adjustment*, 4 Pa. Commonwealth Ct. 546, 287 A.2d 856 (1972).

In the present case there is ample evidence from which the Board could conclude that there had been such a substantial change in condition. We note that the variance request itself was reduced from a plan for twenty-three apartments consisting of a variety of single, double, and triple bedroom units, to a plan for eighteen apartments, all of which are single bedroom units.[6] Additionally, however, there was testimony that since the time of the first variance request the building has remained vacant, and that continued efforts to sell the property have not been successful. During this time the condition of the building has deteriorated considerably due to age and lack of use. Increasing incidents of vandalism involving fires, broken doors and windows, vagrant refuge, and the

---

[5] Our scope of review where the court of common pleas has taken no additional evidence is limited to a determination of whether or not the Board committed a manifest abuse of discretion or an error of law. *Appeal of deBotton*, 81 Pa. Commonwealth Ct. 513, 474 A. 2d 706 (1984).

[6] Under the original plan, two triple, twelve double, and nine single bedroom units would have been constructed. By reducing the number and size of the units, the revised plan also reduced the number of required parking spaces from forty-one to thirty-two.

accumulation of dead pigeons and litter have all contributed to the building's condition, causing it to become more of a health and safety hazard to the community. We conclude that the reduction in the scope of the variance request, together with the continued deterioration of the building, constituted sufficient change in condition to overcome the res judicata effect of the prior denial of the similar variance request, and that therefore the Board properly heard the present request. *See DiBello*.

The Appellants also argue that the Board abused its discretion in granting the variances in this case. In order to establish the right to a zoning variance, a landowner must show that the effect of the zoning ordinance is to burden his property with an unnecessary hardship unique to the property, that the grant of the variance will have no adverse impact on the public health, safety and welfare, and, where relevant, that the hardship is not self-inflicted and that the variance sought is the minimum variance that will afford relief. Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912. *See Vagnoni v. Zoning Hearing Board of Exeter Township*, 74 Pa. Commonwealth Ct. 431, 459 A.2d 1361 (1983). Appellants argue that there was insufficient evidence to support the Board's finding of unnecessary hardship. We cannot agree. Since the building covers the entire lot, it is undisputed that any use would require some variance from the on-premises parking requirement.[7] In addition, the Owner pre-

---

[7] Although the Board and the trial court characterized the variance as a variance from the "off-street parking" requirement, it should be noted that the Owner did not request or receive a variance from the requirement that there be a certain number of *off-street* parking spaces, but only from the requirement that these spaces be provided on the same premises, *i.e.*, an *off-premises* variance.

sented testimony from his architect and his real estate agent that conversion of the building for commercial or single-family residential use would be virtually impossible due to the nature and condition of the structure, and that therefore the property had little value under the current zoning restrictions. This testimony was corroborated by the fact that the property could not be sold despite continued efforts to do so. Although unnecessary hardship does not include mere finanical hardship, where a condition renders a property "almost valueless" without the grant of a variance, this Court has held that unnecessary hardship has been established. *Vagnoni; Schaefer v. Zoning Board of Adjustment, City of Pittsburgh*, 62 Pa. Commonwealth Ct. 104, 435 A.2d 289 (1981). In view of the evidence establishing the lack of value of the property under existing zoning, we conclude that there was sufficient evidence to support the Board's conclusion that unnecessary hardship had been shown.

Appellants also argue that the owner did not prove that the variances would have no adverse impact on the public health, safety and welfare. Appellants refer to their own testimony in which they stated that the eighteen new units would worsen the problems of traffic congestion and the unavailability of parking which already exist in their community. The Board was not compelled to accept this testimony as determinative on the issue of adverse impact, however, in view of other evidence which suggested that these problems were caused by conditions outside of the community, and would not be greatly affected by the proposed plan. Additionally, there was evidence that the proposed renovation would alleviate the health and safety hazards caused by the vacant, deteriorating building as it currently stood. Since there was sufficient evidence that the granting of the variances

would not adversely impact upon the public health, safety and welfare, the Board did not err on this issue. *See Price v. Zoning Board of Adjustment,* 44 Pa. Commonwealth Ct. 95, 403 A.2d 196 (1979).

Finally, the Appellants argue that the Board abused its discretion in conditioning the grant of variances upon securing off-street parking within a two-block radius of the building.[8] We note, however, that this issue was not raised before the Court of Common Pleas.[9] An issue which has been raised before the zoning board, but not on appeal before the court of common pleas, has not been properly preserved for review before our Court. *Dziedzic v. Upper Hanover Township Zoning Hearing Board,* 66 Pa. Commonwealth Ct. 358, 444 A.2d 810 (1982); *Center City Residents Association v. Zoning Board of Adjustment,* 48 Pa. Commonwealth Ct. 416, 410 A.2d 374 (1980). Therefore, we shall not consider the merits of this issue.

For the foregoing reasons, we conclude that the Zoning Hearing Board of the City of Bethlehem did not abuse its discretion in granting the variances in question. Accordingly, we affirm the order of the Northampton County Court of Common Pleas.

ORDER

Now, August 21, 1984, the order of the Northampton County Court of Common Pleas, dated December 29, 1982, Docket No. 1982-C-4804, is hereby affirmed.

---

[8] *See supra* note 7.

[9] The court of common pleas noted this fact in its order of March 8, 1983, filed in response to Appellants' Statement of Matters Complained of on Appeal.