Rennerdale Volunteer Fire Department *v.* Zoning Hearing Board of Collier Township and Collier Township et al. Joy Johnson, et al., Appellants.

Argued November 15, 1984, before Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*Barry E. Wood,* with him, *Phillip D. Paull,* for appellants and intervening appellees.

*James C. Larrimer, Dougherty, Larrimer & Lee,* for appellee, Rennerdale Volunteer Fire Department.

OPINION BY JUDGE PALLADINO, August 6, 1985:

This is an appeal from the order of the Court of Common Pleas of Allegheny County (trial court) which reversed a decision of the Collier Township Zoning Hearing Board (Board) denying a zoning variance to applicant Rennerdale Volunteer Fire Department (Department). For the reasons set forth below, we reverse the order of the trial court.

As the trial court took no additional evidence, we must determine whether the findings of the Board are supported by substantial evidence, and whether the Board abused its discretion or committed an error of law in denying the Department's request for a variance. *Allegheny West Civic Council, Inc. v. Zoning Board of Adjustment of the City of Pittsburgh,* 80 Pa. Commonwealth Ct. 79, 470 A.2d 128 (1984).

The Department's property consists of three contiguous lots acquired in 1944, 1947 and 1958 which, pursuant to the Township's Zoning Ordinance (Ordinance), are located in an area zoned R-2 Single Family Residential District. Located on one of the lots is the Department's two-bay fire station which was constructed in 1947, with a fourteen foot addition added in 1957 or 1958. On the lot to the east of the station is located a water pond covering in excess of one-half its area. The third lot is "L" shaped extending to the north and west of the station. According to the Ordinance, fire stations are permitted in R-2 districts as a conditional use.[1] The westerly side of the existing station is located 4.22 feet from an adjacent residential lot, in contravention of the Ordinance provi-

---

[1] According to Article 4 of the Ordinance, a conditional use shall be approved if, *inter alia,* it conforms to all general regulations of the Ordinance, it is not dangerous, injurious or noxious to any other property or persons and it produces a harmonious relationship to adjacent buildings and properties.

sion which requires, at a minimum, that a non-residential structure be located no closer than 40 feet to any other lot in any R-2 district.

On April 25, 1983, the Department submitted an application to the Township's Zoning Officer for a building permit to construct an addition to the existing station so as to accommodate all of the Department's vehicles. The proposed addition, which would be twice the size of the existing station and consist of four bays, was to be located on the "L" shaped lot to the north of the station. The westerly side of the proposed addition would continue along the same line as the existing station and thus would also be within 4.22 feet of the adjacent residential lot. Moreover, the northerly side of the proposed addition would be located 23.93 feet from another adjacent residential lot.

The Zoning Officer denied the Department's application for a building permit noting (1) that the side and rear yard requirement of forty feet must be met and (2) that a nonconforming use may not be expanded unless to a conforming use, except as permitted by the Board in accordance with the Ordinance. The Department then applied to the Board for variances from the applicable provisions of the Ordinance. After two hearings on the matter, the Board denied the Department's application concluding (1) that the proposed building would create a second non-conforming use in that it would violate the Ordinance's side and rear yard requirement; and (2) that the Department failed to establish its entitlement to variances from this requirement. On appeal, the trial court reversed, holding that because fire stations are permitted in an R-2 district, the Department's station is not a non-conforming use. The trial court further held that the pond

on one of the Department's lots amounts to a physical characteristic unique to the property which restricts the use of that property.

Local property owners, the Township and the Board (collectively Appellants)[2] contend that the Department failed to satisfy the requirements for entitlement to variances from the Ordinance provision establishing the minimum side and rear yard requirement.

As noted previously, the Department's fire station was constructed prior to enactment of the Ordinance which permits such stations in an R-2 district as a conditional use. The existing station is, however, dimensionally non-conforming under the Ordinance in that its westerly building line is 4.22 feet from the side lot line and the Ordinance requires a side yard of 40 feet. Section 601.22 defines non-conforming use as: "Any use *or arrangement of land or structure* legally existing at the time of enactment of this Ordinance or any of its amendments, which does not conform to the provisions of this Ordinance." (Emphasis added.) Thus, although the existing fire station is non-conforming as to its structure rather than as to its use, it nonetheless constitutes a non-conforming use as that term is defined under the Ordinance.

The Department's proposed addition to the station is, therefore, governed by Section 301.1 of the Ordinance which provides in pertinent part that: "a non-conforming use may be continued but may not be extended, expanded or changed unless to a conforming use, except as permitted by the Zoning Hearing Board in accordance with the provisions of the Ordinance." This provision, as it pertains to the expansion of

---

[2] The local property owners intervened before the Board and have appealed the trial court's order.

dimensional non-conformities,[3] is consistent with case law holding that such non-conformities have no natural expansion right. *Miller & Son Paving, Inc. v. Wrightstown Township,* 499 Pa. 80, 451 A.2d 1002 (1982); *Angle v. Zoning Hearing Board of Dormont,* 83 Pa. Commonwealth Ct. 82, 475 A.2d 1371 (1984). In *Miller,* our Supreme Court held that: "a property owner does not have a vested right under the doctrine of natural expansion to extend a non-conforming set back beyond that which existed at the time the new ordinance was passed. *Id.* at 92, 451 A.2d at 1008. Thus, in the present case, the Department's proposed addition to its fire station will not be permitted to go beyond the Ordinance's dimensional limitations unless a variance is obtained. *See Jenkintown Towing Service v. Zoning Hearing Board of Upper Moreland Township,* 67 Pa. Commonwealth Ct. 183, 446 A.2d 716 (1982).

In order to establish entitlement to a zoning variance, a landowner must show that the ordinance imposes unnecessary hardship on the property, the hardship stems from unique physical characteristics of the property, the variance would not adversely impact on the health, safety or welfare of the general public, and, where relevant, the hardship is not self-inflicted and the variance sought is the minimum variance that will afford relief. Section 912, Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912; *Vagnoni v. Zoning Hearing Board of Exeter Township,* 74 Pa. Commonwealth Ct. 431, 459 A.2d 1361 (1983).

Here, both the westerly and northerly building lines of the proposed addition to the station would

---

[3] Of course we need not address the validity of this provision as it relates to the natural expansion right of a non-conforming *use.* *See Miller.*

violate the Ordinance's 40 foot side and rear yard requirement. The difficulty presented with respect to establishing the bases for the variances is the absence of any finding by the Board, as well as scant evidence on the record, to establish why the Department's property cannot be used for the construction of an addition to the fire station in compliance with the Ordinance's dimensional requirements. The trial court stated and the Department contends that the water pond covering in excess of fifty percent of one of the Department's three contiguous lots renders compliance with the dimensional requirements impossible. Our review of the record reveals only the rather conclusory statement by the Department's expert planning witness that the location of the pond reduces the buildable area such that "in order to make reasonable use of the site without major undertaking to improve the property for construction, the variances are required." Such a general statement is insufficient as evidence to show that the side and rear yard requirement makes construction of the proposed addition to the fire station impossible. With respect to any alleged "major undertaking" that would be necessary to permit construction on the property in compliance with the Ordinance provisions, we note that mere economic hardship is not sufficient to satisfy the standard of unnecessary hardship necessary to obtain a variance. *Immordino v. Zoning Hearing Board of Morrisville Borough,* 65 Pa. Commonwealth Ct. 79, 441 A.2d 818 (1982).

Thus, we must conclude that the Department has failed to meet its burden of proving the requisite unnecessary hardship and as a result need not address the issue of whether granting the requested variances would adversely impact on the health, safety and welfare of the general public.

Finally, the Department cites *In re Grubbs Appeal,* 395 Pa. 619, 151 A.2d 599 (1959) in support of its contention that it has a right to expand its non-conforming fire station. As noted previously dimensional non-conformities have no natural right of expansion. *Miller.* Moreover, *Grubb* involved an "L" shaped building which was a non-conforming use in violation of dimensional requirements of a zoning ordinance. The owner sought a variance to enclose the open portion of the "L", creating a rectangle. The Court first found that it would impose a wholly unnecessary hardship to prevent the owner from taking advantage of an increase in business. The Court further found that the proposed extension to the building would not be contrary to the public interest inasmuch as the proposed addition would not have increased the existing structure's non-conformities. Here, the Department has failed to show the requisite unnecessary hardship. Moreover, the variance sought by the Department would not only extend the non-conforming westerly side of the existing station, but also would create a new non-conformity on the northerly side of the proposed addition. Thus, *Grubb* is clearly inapposite. *See Altemose Construction Co. v. East Norriton Zoning Hearing Board,* 3 Pa. Commonwealth Ct. 328, 281 A.2d 781 (1971).

Accordingly, we reverse the order of the trial court.

## Order

And Now, August 6, 1985, the order of the Court of Common Pleas of Allegheny County dated January 27, 1984 is reversed and the decision of the Collier Township Zoning Hearing Board is reinstated.

Judge Williams, Jr. did not participate in the decision in this case.