503 A.2d 1117

Raymond H. Johnson, et al., Appellants *v.* The Zoning Hearing Board of Richland Township, Cambria County, Pennsylvania, Appellee.

Submitted on briefs October 10, 1985, to Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Richard J. Russell,* for appellants.

*Michael W. Sahlaney,* for appellee.

OPINION BY JUDGE PALLADINO, February 7, 1986:

This is an appeal[1] from an order of the Court of Common Pleas of Cambria County which affirmed, without the taking of additional evidence, the grant of a dimensional variance by the Richland Township Zoning Board of Adjustment (Board). For the reasons which follow, we reverse.

John Sroko (Appellee) applied for a variance to build a six-story, 92-unit economy motel on a 4.68 acre plot of land in Richland Township, Cambria County. The area is zoned C-2, Commercial, in which a motel is a permitted use, but Section 602 of the Township's Zoning Ordinance restricts the maximum height of buildings in a C-2 zone to two stories or thirty-five (35) feet.

---

[1] Appellants are members of an organization known as the Richland Concerned Citizens, and appeared as objectors at the hearing before the Board.

Following several hearings, the Board made the following findings of fact. The property possesses a unique topography because its slope ranges from thirteen percent to twenty-three percent, and averages sixteen percent. This slope creates storm water drainage problems for the construction of any permitted structure. The storm water drainage problems and the severe slope of the tract make the construction of an economically feasible two-story permitted structure virtually impossible, although theoretically physically possible, and therefore greatly distresses the value of the subject tract.

The Board concluded, based on the above findings, that Appellee was entitled to a variance for a six-story, 82 unit motel not more than sixty (60) feet in height.[2] Appellants appealed to the Court of Common Pleas, which affirmed the grant of the variance, and this appeal followed.

Our scope of review, where the trial court has taken no additional evidence, is to determine whether the findings of the Board are supported by substantial evidence, and whether the Board abused its discretion or committed an error of law in granting the variance. *Rennerdale Volunteer Fire Department v. Zoning Hearing Board of Collier Township,* 90 Pa. Commonwealth Ct. 635, 496 A.2d 431 (1985).

In order to establish entitlement to a zoning variance, the applicant must show: that the ordinance imposes unnecessary hardship on the property; that the hardship stems from unique physical characteristics of the property; that the hardship is not self-inflicted; that the variance would not adversely impact on the

---

[2] The Board stated in its opinion that an 82-unit motel had originally been proposed by Appellee, and was therefore economically feasible. For that reason, the Board reduced the number of units for the motel from 92 to 82 to minimize the variance. Unfortunately the *height* was not minimized, only the number of units.

health, safety or welfare of the public; and that the variance sought is the minimum variance that will afford relief. Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912, *Rennerdale Volunteer Fire Department.* Variances are to be granted sparingly, and only under exceptional circumstances. *O'Neill v. Zoning Board of Adjustment of Philadelphia County,* 434 Pa. 331, 254 A.2d 12 (1969).

Appellants argue: 1) that the developer failed to establish unnecessary hardship and that the finding of the Board that the property is distressed in value is not supported by substantial evidence; and 2) that the Board's conclusion that the variance granted was the minimum variance is not supported by substantial evidence.

In order to establish unnecessary hardship, an applicant must prove that the property cannot be used for the construction of a building within the bounds of the zoning ordinance. The landowner must also show that, without the variance, the property is rendered practically valueless. *Hipwell Manufacturing Company v. Zoning Board of Adjustment of the City of Pittsburgh,* 70 Pa. Commonwealth Ct. 83, 452 A.2d 605 (1982). General statements as to the value of the property are not enough. *Hipwell Manufacturing.*

We have examined the record thoroughly, and have found no evidence to support the Board's conclusion that the property is distressed in value. We have also failed to find evidence which establishes why the property cannot be used for other purposes permitted by the ordinance. The only reason apparent on the record for the Board's granting of the variance is, that by building a six-story motel instead of a two-story motel, the water runoff from the property will be somewhat decreased. Because Appellee would have to build a retaining pond to collect the runoff whether he

builds a two-story or six-story motel, the Board erred in concluding that the runoff problem constituted unnecessary hardship.

Accordingly, the Board abused its discretion in granting the variance to Appellee, because its findings of fact are not supported by the evidence, and because its conclusions of law as to unnecessary hardship are erroneous. We do not, therefore, need to address Appellant's second argument that the variance was not the minimum variance necessary to afford relief.

The order of the Court of Common Pleas of Cambria County, affirming the grant of a variance to John Sroka is reversed.

### ORDER

And Now, February 7, 1986, the order of the Court of Common Pleas of Cambria County at No. 1982-1556, dated July 24, 1984 is reversed, and the decision of the Richland Township Zoning Board of Adjustment is vacated.