**In re Application of BRANDYWINE REALTY TRUST to the Newtown Township Zoning Hearing Board.**

**Appeal of Brandywine Realty Trust and Brandywine Operating Partnership, L.P.**

Commonwealth Court of Pennsylvania.

Argued June 7, 2004.

Decided Aug. 2, 2004.

Reargument En Banc Denied Oct. 4, 2004.

Michael P. Coughlin, Blue Bell, for appellants.

Paul R. Beckert, Jr., Langhorne, for appellee.

BEFORE: COLINS, President Judge, and FRIEDMAN, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY President Judge COLINS.

Brandywine Realty Trust and Brandywine Operating Partnership, L.P. (collectively, Brandywine) appeal from an order of the Court of Common Pleas of Bucks County that reversed a decision of the Newtown Township Zoning Hearing Board (ZHB) that granted a variance and a special exception to Brandywine to construct a bridge for a roadway in a restricted floodplain. Appellees are the Newtown Township Zoning Hearing Board (ZHB) and Larry Fyock, Jeffrey Travor, and Arthur Micchelli, adjoining property owners (Landowners). We affirm the trial court.

Brandywine has proposed to construct an office development on land in Newtown Township and sought a variance and a special exception to construct an additional access road that would include a bridge over a waterway subject to certain floodplain zoning restrictions. This road would not be the only access to the development, but it would improve access and profitability.

Construction in the floodplain area in question is governed by Section 905.IV.B of the Newtown Township Zoning Ordinance which provides:

The following uses and activities [in the floodplain] shall be permitted by special exception, provided that they are in compliance with the provisions of the underlying district and are not prohibited by any other ordinance:

1. Utilities, public facilities, and improvements such as railroads, streets, bridges, transmission lines, pipelines, and other similar or related uses;

2. Functionally dependent uses and activities, such as marinas, docks, wharfs, piers, etc.;

However, Section 905.IV.E.1.(a) of the Ordinance provides:

No special exception or variance shall be granted for any proposed use, activity or development that will cause any increase in the one hundred year flood levels in the Floodplain District as delineated in

the Flood Insurance Study referenced in Section 905.III.1.

Further, Section 905, Exhibit "B", Subpart 5 of the Ordinance provides:

In areas where a detailed flood insurance study has been completed, no rise in the 100 year flooding elevation will be permitted. In areas where no detailed flood insurance study has been completed, a rise of (1) one foot above the natural flood elevation will be allowed, provided that the rise is contained within the property limits of the applicant. No backwater shall be allowed to flood an adjoining property.

A detailed flood insurance study has been completed in the area where Brandywine wishes to construct its additional access road and bridge and Brandywine admits in its brief that it will be *physically impossible* to construct the Proposed Road or to place any structure within the floodplain as specifically permitted by Section 905.IV.B of the Zoning Ordinance without creating *any* rise in the 100 year flood elevation." (Brandywine's brief, p. 9) In fact, in testimony on behalf of Brandywine, Jeremy Maziarz, a licensed professional engineer, testified that a rise of "less than one foot" could be expected in the flood plain elevation because of the existence of the proposed road. (Notes of Testimony, Hearing of Thursday, June 6, 2002, p. 76) However, Brandywine claims that a variance and a special exception are appropriate because, according to Brandywine, the Ordinance is ambiguous.

The ZHB granted party status to the Landowners, and after a hearing at which the Landowners were full participants, the ZHB granted the variance and special exception upon its finding that the Ordinance

was ambiguous. The ZHB, *considering* Section 905.IV.B, Section 905.IV.E.1.(a), and Section 905, Exhibit "B", Subpart 5 of the Ordinance, reached this conclusion, "Although Section 905.IV.E.1.(a) of the Zoning Ordinance appears unambiguous on its face, it is latently ambiguous when viewed in conjunction with Section 905.-IV.B, which permits streets, bridges and piers in the floodplain by special exception." (Decision of the ZHB, Conclusion of Law No. 4.)

The trial court, relying solely on the record made before the ZHB, considered the same three sections of the Ordinance and concluded, "Section 905.IV.E.1.a and Section 905 Subpart 5 of the Zoning Ordinance unambiguously express in mandatory terms a prohibition upon the relief sought by Brandywine given the admitted rise in flood levels attendant to the Proposed Development and infrastructure." (Trial Court Opinion, p. 9.) The trial court then went on to conclude further that the ZHB had committed an abuse of discretion and an error of law in granting the variance and special exception "in finding that the language contained in the aforesaid ordinance provisions was ambiguous and the rise in the floodplain elevation as a result of the Proposed Floodplain Crossing would be *de minimis* [.]" *Id.* The trial court reversed the ZHB, and Brandywine brought this appeal.[1]

■ The questions we are asked to determine are 1) whether the Landowners, as adjacent property owners who were granted party status before the ZHB, were properly granted standing before the trial court; 2) whether the trial court erred in applying the proper standard of review by

1. Newtown Township was a party to this appeal but has withdrawn its brief and will no longer participate. In its brief, Newtown Township argued that the Landowners had standing and that the ZHB abused its discretion and committed an error of law in concluding that the Ordinance is ambiguous.

failing to defer to the ZHB's interpretation of the Ordinance and the ZHB's conclusion that the Ordinance is ambiguous; 3) whether the trial court erred in ruling that Section 905.IV.E.1 of the Ordinance prohibits any construction within the floodplain area that would result in any increase in the 100–year flood elevation; 4) whether the trial court committed reversible error in failing to address the merits of the ZHB's grant of a variance and special exception to Brandywine; and 5) whether the trial court's interpretation of Section 905.IV.E.1.(a) of the Ordinance is consistent with the valid exercise of the zoning powers of Newtown Township.[2]

■ Brandywine first contends that the Landowners do not have standing because they are not aggrieved in that they are too far upstream to be affected by any flooding caused by the construction proposed by Brandywine. The landowners were granted party status before the ZHB and the trial court found that they had standing to participate before it. In finding that the landowners had standing to participate, the trial court relied on Section 908(3) of the Pennsylvania Municipalities Planning Code[3] (MPC), 53 P.S. § 10908(3)(relating to who is a party before a ZHB), which provides, in pertinent part,

> [t]he parties to the hearing shall be the municipality, any person affected by the application who has made a timely appearance of record before the board, and any other person including civic or community organization permitted to appear before the board.

The trial court also concluded that because the Landowners were accorded party status by the ZHB and the ZHB granted a variance over their opposition, they were aggrieved. *See, e.g. Johnson v. Zoning Hearing Board of Richland Township*, 95 Pa.Cmwlth. 82, 503 A.2d 1117 (1986). The Landowners argue that their status as adjoining landowners confers standing. "It is well established that an adjoining property owner, who testified at the hearing before the zoning board in opposition to the zoning application, has sufficient interest in the adjudication and therefore has standing to appeal the Board's decision to the trial court." *Sparacino v. Zoning Board of Adjustment, City of Philadelphia*, 728 A.2d 445, 448 (Pa.Cmwlth.1999), *petition for allowance of appeal denied*, 565 Pa. 680, 775 A.2d 811 (2001). The Landowners are "person[s] affected by the application who made a timely appearance of record before the board," MPC Section 908(3), 53 P.S. § 10908(3), they are persons who were granted party status before the board and who have seen a variance granted over their objection, and they are adjoining landowners. We conclude that the Landowners were properly granted standing to appear before the trial court and that Brandywine's assertion that the Landowners did not have such standing is without merit.

■ Brandywine next claims that the trial court applied the wrong standard of review in that it failed to defer to the ZHB's interpretation of the Ordinance. Brandywine relies on *Bailey v. Zoning Board of Adjustment of the City of Philadelphia*, 569 Pa. 147, 801 A.2d 492 (2002), for the proposition that substantial defer-

---

2. In a case such as this, where the trial court takes no additional evidence, our standard of review is limited to determining whether the zoning hearing board committed an abuse of discretion or an error of law. *Noah's Ark Christian Child Care Center v. Zoning Hearing*

*Board of West Mifflin*, 831 A.2d 756 (Pa. Cmwlth.2003), *petition for allowance of appeal granted in part on other grounds*, 578 Pa. 193, 851 A.2d 831 (2004).

3. Act of July 31, 1968, P.L. 805, *as amended*.

ence must be given to ZHB decisions. *Bailey,* however, concerned a planning commission administrative rule. The holding in *Bailey* does not tell us that we are to defer to a ZHB where it interprets an ordinance, but only that deference will be given to a ZHB's interpretation of administrative rules as long as the administrative body had the power to promulgate rules and the promulgation of the specific rule is within its power. The Landowners argue that the trial court properly applied the standard of determining whether the ZHB committed a manifest abuse of discretion or an error of law, *Centre Lime and Stone Co., Inc. v. Spring Township Board of Supervisors,* 787 A.2d 1105, 1108, n. 2 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 568 Pa. 740, 798 A.2d 1291 (2002). "In a land use appeal, where a full and complete record was made before the Board and the trial court took no additional evidence, our scope of review is limited to determining whether the Board committed a manifest abuse of discretion or an error of law." *Id.* at 1108, n. 2. A full and complete record was made before the ZHB in this case and the trial court took no additional evidence in reaching its decision. The trial court, in determining whether the ZHB committed an abuse of discretion or an error of law, applied the correct standard of review.

■ Brandywine further argues that the trial court erred in finding that the ZHB committed a manifest abuse of discretion and an error of law in concluding that the Section 905.IV.E.1 is ambiguous. Brandywine claims that, interpreted literally, Section 905.IV.E.1.(a) would preclude any construction in the floodplain area in question but that it becomes ambiguous when read in conjunction with Section 905.IV.E.1's clear allowance of certain structures in the floodplain. The trial court, after a careful and thoughtful statu-

tory analysis, found that the ZHB had committed a manifest abuse of discretion and an error of law in reading any ambiguity into the Ordinance. We agree with the trial court; its statutory analysis was necessary and well done, but it does not require an expert in statutory construction to read the clear intent of the two sections of the Ordinance. Section 905.IV.E.1 permits the construction of certain structures in a floodplain by special exception "provided that they are in compliance with the provisions of the underlying district *and are not prohibited by any other ordinance"* (emphasis added). Section 905.-IV.E.1.(a) does not inject any ambiguity when it prohibits a variance that will cause any increase in the 100 year flood levels in the floodplain in question. Section 905.-IV.E.1.(a) is the "other ordinance" contemplated by Section 905.IV.E.1. The only way to view any ambiguity in the Ordinance is through the distorted prism of Brandywine's analysis. A plain reading of the Ordinance unambiguously prohibits the result Brandywine seeks.

Brandywine also complains that the trial court should have addressed the merits of its contention that Section 905.IV.E.1.(a)'s prohibition against the grant of a special exception is unconstitutional. This complaint is based upon the assumption that the Ordinance is ambiguous. The trial court, however, ruled that the Ordinance was not ambiguous and that ruling precluded a discussion of a supposed constitutional ambiguity by the trial court just as our conclusion that the trial court was correct in finding that there is no ambiguity precludes such a discussion here.

■ Finally, our review of the record reveals that the question of whether the trial court's interpretation of Section 905.-IV.E.1.(a) of the Ordinance is consistent with the valid exercise of the zoning powers of Newtown Township was not raised

before the trial court and has, therefore, been waived. *Segal v. Zoning Hearing Board of Buckingham Township,* 771 A.2d 90 (Pa.Cmwlth.2001).

Accordingly, for the reasons stated above, the order of the Court of Common Pleas of Bucks County in this matter is affirmed.

### *ORDER*

AND NOW, this 2nd day of August 2004, the order of the Court of Common Pleas of Bucks County in this matter is AFFIRMED.