# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

South Bethlehem Associates, LP     :
    :
          v.     :    No. 321 C.D. 2020
    :    ARGUED:  December 7, 2020
Zoning Hearing Board of Bethlehem     :
Township, Pennsylvania     :
    :
          v.     :
    :
Central PA Equities 30, LLC     :
    :
Appeal of: South Bethlehem     :
Associates, LP     :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge[1]
              HONORABLE J. ANDREW CROMPTON, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED:  January 29, 2021**


Objector, South Bethlehem Associates, LP, appeals from an order of the Court of Common Pleas of Northampton County that affirmed the decision of the Zoning Hearing Board of Bethlehem Township (ZHB).  Although the ZHB determined that Objector had standing, it granted two variances under the Bethlehem Township Zoning Code to Applicant, Central PA Equities 30, LLC, to construct a hotel at 2401 Emrick Boulevard in Bethlehem Township.  We disagree with the trial court that Objector, a competing hotel, had standing to challenge the variances and,

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Brobson became President Judge.
**(Footnote continued on next page…)**

therefore, do not reach the merits of the ZHB's decision. Consequently, we affirm the ZHB's decision on different grounds than those of the trial court.[2]

Applicant proposes to build a 107-room, 4-story hotel on a 3.482-acre property located in the "Light Industrial/Office Campus (Phased) Zoning District" (LIP zoning district) where a hotel use is permitted as of right. (ZHB's June 26, 2019 Decision, Finding of Fact "F.F." Nos. 1, 2, and 7.) The northern and eastern sides of the property border Cook Drive and Emrick Boulevard, therefore requiring 50-foot setbacks from the street right-of-ways. (Trial Court's Feb. 14, 2020 Op. at 2-3.) However, the western side borders the residential Madison Farms complex,[3] which includes a 39-unit apartment structure with 14 vehicular garages. (F.F. No. 3.) Consequently, the proximity of multiple residential units within 175 feet from the proposed hotel triggered a 150-foot setback requirement and the mandate for construction of an earth berm within the setback. (*Id*.)

By way of relief, Applicant sought two variances under the Zoning Code. The first was a dimensional variance from Section 275.91(M)(4), requiring a 150-foot setback from the lot lines of any dwelling, residential or agricultural district boundary, or municipal park. Applicant proposed a 74-foot setback, a variance of 76 feet. The second was a complete waiver from Section 275.91(M)(5), mandating construction of an earth berm within the setback area. Applicant sought a waiver from the mandate because PPL Electric Utilities' limitations preclude the construction of a berm. (F.F. No. 11.)

---

[2] This Court may affirm a trial court's decision on any grounds. *Slusser v. Black Creek Twp. Zoning Hearing Bd.*, 124 A.3d 771, 772 n.1 (Pa. Cmwlth. 2015).

[3] Madison Farms was approved pursuant to zoning amendments creating an overlay district within the LIP zoning district to allow for residential uses. (Trial Court's Op. at 3 n.2.)

At the hearing before the ZHB, Applicant presented the testimony of numerous witnesses and nine exhibits. Objector submitted no testimony or evidence. The ZHB voted unanimously to grant the variances. Without taking additional evidence, the trial court determined that Objector had standing to appeal but affirmed the decision to grant the variances. Objector's appeal to this Court followed.[4] As the issue of standing is determinative, we do not reach the issues raised by Objector pertaining to the legality of the variances.

Other than municipalities, persons who fail to appear or otherwise object before the zoning hearing board lack standing and cannot appeal an adverse decision to the trial court. *Leoni v. Whitpain Twp. Zoning Hearing Bd.*, 709 A.2d 999 (Pa. Cmwlth. 1998). Additionally, a party must demonstrate that he or she is an aggrieved person in order to have standing to appeal. *Spahn v. Zoning Bd. of Adjustment*, 977 A.2d 1132, 1149 (Pa. 2009). An adjoining neighbor who testifies in opposition to an application generally will have standing. *Soc'y Created to Reduce Urban Blight (SCRUB) v. Zoning Hearing Bd. of Adjustment of the City of Phila.*, 951 A.2d 398, 404 (Pa. Cmwlth. 2008); *In re Application of Brandywine Realty Tr.*, 857 A.2d 714 (Pa. Cmwlth. 2004). However, more than mere proximity to the property is required to achieve aggrieved party status. To be aggrieved, a person must have a substantial, direct, and immediate interest in the matter. *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269, 280 (Pa. 1975). A

---

[4] Where the trial court takes no additional evidence, we are limited to determining whether the ZHB committed an error of law or made findings of fact which are not supported by substantial evidence. *Pequea Twp. v. Zoning Hearing Bd. of Pequea Twp.*, 180 A.3d 500, 504 (Pa. Cmwlth. 2018). Substantial evidence is defined as relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* If the record contains substantial evidence, this Court is bound by the ZHB's findings that result from the resolution of credibility and conflicting testimony. *Pohlig Builders, LLC v. Zoning Hearing Bd. of Schuylkill Twp.*, 25 A.3d 1260, 1266 (Pa. Cmwlth. 2011).

party's interest is substantial where a challenged action has a discernable adverse effect upon its interest beyond "the abstract interest of all citizens in having others comply with the law." *Id*. at 282. A party's interest is direct where there is a causal connection between the challenged action and the harm to its interest. *Id*. A party's interest is immediate where that causal connection between the challenged action and the harm alleged is not remote or speculative. *Id*. at 283.

In the present case, Objector's participation at the ZHB hearing was limited to its attorney's cross-examination of Applicant's witnesses and legal argument in opposition to the variances. When the ZHB chair questioned counsel for Objector as to whether he had any evidence he wished to present, counsel responded: "I just have my legal argument and my case law. My evidence would be my case law." (May 29, 2019 Hearing, Notes of Testimony "N.T." at 60; Reproduced Record "R.R." at 91a.) Although counsel somewhat contradictorily indicated that he wished to submit some exhibits, the ZHB rejected his request to do so without a witness. (N.T. at 60-61; R.R. at 91a-92a.) Nonetheless, the ZHB accepted his counsel's representation that his client owned the Courtyard Marriott at 2220 Emrick Boulevard approximately two blocks away from the subject property and within the same industrial park. (N.T. at 12-13; R.R. at 44a-45a.) However, Objector was neither Applicant's next-door neighbor nor within a radius to receive automatic notification of the application. (N.T. at 12-13; R.R. at 44a-45a.)

In support of standing, counsel asserted that Objector's proximity established an "implied interest in the current applicant's intent to place a hotel just two blocks away from our hotel."[5] (N.T. at 13; R.R. at 45a.) A zoning appeal cannot be used as a method to deter free competition. *In re: Farmland Indus., Inc. Appeal*,

---

[5] Applicant proposed a Fairfield Inn and Suites by Marriott. (N.T. at 43; R.R. at 74a.)

4

531 A.2d 79, 84 (Pa. Cmwlth. 1987). Nevertheless, a competitor is not precluded from establishing aggrievement. However, the asserted negative impact must originate from the variances sought and not simply from the competition expected from an incoming business. *Id*. Absent such aggrievement, this Court will reject a competitor's use of the zoning "process to impede the location of a competitor in its trading area." *Id*. Here, Objector failed to articulate, let alone substantiate a particular harm that it would suffer from the reduced setbacks, nor from the waiver of the berm requirement. Notably, Objector's property did not border the proposed site and Objector did not even establish that it would be able to view either the reduced setback or the absence of an earth berm from its property.

Consequently, Objector failed to meet its burden to establish standing, so its substantive objections shall not be addressed. Accordingly, we affirm the trial court's order.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

South Bethlehem Associates, LP : 
:
v. : No. 321 C.D. 2020
:
Zoning Hearing Board of Bethlehem :
Township, Pennsylvania :
:
v. :
:
Central PA Equities 30, LLC :
:
Appeal of: South Bethlehem :
Associates, LP :

# **O R D E R**


AND NOW, this 29th day of January, 2021, the order of the Court of Common Pleas of Northampton County is hereby AFFIRMED.


_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge