IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pittsburgh SMSA Limited    :
Partnership d/b/a Verizon    :
Wireless,          :
     Appellant    :
             :
    v.       :  No. 945 C.D. 2025
             :
Pleasant Hills Borough Council  :  Argued: March 3, 2026


BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE STELLA M. TSAI, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION
BY JUDGE McCULLOUGH      FILED: March 27, 2026


    Pittsburgh SMSA Limited Partnership d/b/a Verizon Wireless (Verizon) appeals from the order entered in the Allegheny County Court of Common Pleas (trial court) on June 30, 2025, which affirmed the decision of the Pleasant Hills Borough (Borough) Council and dismissed its land use appeal. On appeal to this Court, Verizon chiefly challenges the Borough's decision that it is required to obtain site plan approval for its proposed construction of a monopole cell phone tower on its property. After careful review, we affirm.

## I. **Background**

    This case arises from Verizon's proposed construction of a monopole cell phone tower on its two-acre property located at 128 Tel Star Drive, in Pittsburgh, Pennsylvania (Property). The Property is located in the C-1 Zoning District (C-1 District) and currently operates a Verizon switching center. On March 24, 2023, Verizon filed an application with the Borough Zoning Hearing Board (Board) seeking

a special exception[1] to construct a monopole tower measuring 100 feet in height, topped with a four-foot lighting rod. Under Section 374-87(B) of the Borough's zoning ordinance (Ordinance), antenna facilities are permitted use by special exception in any zoning district in the Borough, subject to certain standards and criteria. (Original Record[2] (O.R.) at 90.)

The Board held a hearing on Verizon's application and approved the special exception subject to conditions by written decision dated July 13, 2023. The approval letter reads in relevant part as follows:

> This is to inform you that pursuant to the public hearing on July 10, 2023, the [] Board has approved [Verizon's] request for a special exception pursuant to Chapter 374-87, B(1)-(6), in order to install a proposed antenna on said lot and block 562-G-146 within 30 days of the approval date, with the following two conditions:
>
> (1) the tower/antenna as built can't exceed the current proposed height of one hundred (100) feet without [Verizon] coming back to the [Board] for additional approval; and
>
> (2) [Verizon] must install masking fencing to muffle sound for the newly added equipment and must meet with the residents of the site to discuss potential mitigation of the existing noise on the site.
>
> **The granting of the special exception does not eliminate the requirement of any zoning or building permit(s) that will be necessary**. The required permit(s) cannot be issued until after the thirty (30) day appeal period has expired,

---

[1] In general, "[a] special exception is not an exception to a zoning ordinance, but rather a use which is expressly permitted, absent a showing of a detrimental effect on the community." *Tower Access Group, LLC v. South Union Township Zoning Hearing Board*, 192 A.3d 291, 300 (Pa. Cmwlth. 2018).

[2] Because the Original Record in this matter was submitted electronically and was not paginated, the page numbers referenced in this opinion relating to this record reflect electronic pagination.

unless issued with a signed "At Your Own Risk" statement. This form can be completed in our office if you plan to apply for your permits before the 30-day period ends.  (emphasis added).

**THE REQUIRED BUILDING PERMIT FOR A GRANTED APPROVAL MUST BE OBTAINED WITHIN ONE HUNDRED AND EIGHTY (180) DAYS OR THE APPROVAL SHALL BECOME NULL AND VOID.** (emphasis in original).

(Reproduced Record (R.R.) at 10a.)  Verizon did not appeal the Board's decision, or any of the conditions imposed.

While Verizon was in the process of applying for a building permit, the Borough advised that site plan approval for the monopole was also required.  On September 25, 2023, Verizon sent a letter to the Borough objecting to the site plan requirement and stating that pursuant to the Board's decision, it was required only to obtain a building permit.  (R.R. at 11a.)  The Borough informed Verizon by letter dated October 6, 2023, that a building permit would not be issued without site plan approval. It explained that, pursuant to Section 374-35 of the Ordinance, site plan approval was required for all authorized uses, other than single-family dwellings in the C-1 District.[3] (O.R. at 31.)

---

[3] This provision reads:

> Article X Commercial District C-1
>
> . . . .
>
> § 374-35. Site plan approval required for other than single-family dwellings.
>
> All authorized uses other than single-family dwellings in this district shall be subject to the application requirements and approval procedures for the site plan approval specified in § 374-71 of this chapter.

**(Footnote continued on next page…)**

The letter also advised that Section 374-71B of the Ordinance, which governs the site plan approval process, provides:

> (1) The Planning Commission shall review the application at a public meeting and shall forward written comments pertaining thereto to Borough Council. Borough Council shall act on the application within 60 days of final action by the Planning Commission or, if the Planning Commission fails to act, within 120 days of submission of the application.
>
> (2) **No building permits shall be issued until after the site plan** and other required elements of the application shall **have been formally approved by Borough Council.**

(S.R.R. at 677) (emphasis added).

Verizon filed for site plan review on November 22, 2023, and the Borough Planning Commission (Planning Commission) held multiple hearings on the matter. (O.R. at 6.)[4] While the proceedings were ongoing, on March 15, 2024, the Borough advised Verizon that because it did not obtain a building permit within the 180-day deadline, the Board's decision granting the special exception was null and void, and Verizon would need to re-apply to the Board for relief.

On March 26, 2024, the Planning Commission voted to recommend denial of Verizon's site plan for the monopole to the Borough Council. (O.R. at 403.) The

---

(Supplemental Reproduced Record (S.R.R.) at 652-53.)

[4] Section 374-71 of the Ordinance governs site plan approval and mandates that the plan be based on a survey of the property and show the "1) area location map; 2) existing and proposed structures; 3) existing and proposed contours; 4) feasibility of proposals for disposition of stormwater and sanitary waste; 5) location and dimensions of yards and evidence of compliance with other zoning requirements; 6) traffic circulation on the site, ingress and egress to and from the site and layout of proposed parking areas and loading areas; 7) landscaping plan; 8) dates of preparation and revision; 9) evidence of preparation by an architect, landscape architect or engineer." (S.R.R. at 677) (capitalization omitted).

Borough Council held a hearing on the matter and voted to deny the site plan, advising Verizon by letter dated May 22, 2024, that:

> This letter is provided as written notice of the determination of the Borough Council of the Borough [] to deny the proposal for site plan approval. The motion for approval was denied by a vote of 6-0 at the meeting on May 20, 2024. This denial is provided for purposes of the time period to appeal this determination.

(O.R. at 15.) Verizon appealed the Borough Council's decision to the trial court, which affirmed the decision and dismissed Verizon's appeal. This appeal followed.

## II. Issues

Verizon raises three issues for our review, the first of which challenges the Borough's imposition of the site plan requirement as a prerequisite to obtaining a building permit.[5] Verizon additionally contends the Borough is estopped from denying its application for a building permit because it intentionally prevented Verizon from obtaining it within the 180-day deadline. Lastly, Verizon argues it is entitled to deemed approval of the monopole use because Borough Council failed to detail its reasons for denying the plan, in contravention of the relevant provision of the Pennsylvania Municipalities Planning Code (MPC).[6] We will address Verizon's issues *seriatim*.[7]

---

[5] We note that Verizon repeatedly misstates that the Borough Council denied its "land development plan." (*See*, *e.g.*, Verizon's Br., at 19.) However, the record is clear that the Borough denied Verizon's **site plan**, not a land development plan. (*See, e.g.*, O.R. at 15, 403.) Verizon's entire land use appeal challenges the Board's denial of its **site plan**. (R.R. at 4a-7a.)

[6] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

[7] "In a case such as this, where the trial court takes no additional evidence, our standard of review is limited to determining whether the zoning hearing board committed an abuse of discretion or an error of law." *In re Brandywine Realty Trust*, 857 A.2d 714, 717 (Pa. Cmwlth. 2004).

### III. <u>Analysis</u>

### A. Site Plan Requirement

Verizon first contends that it was not required to obtain site plan approval as a prerequisite to obtaining a building permit because construction of the monopole involves no land development or subdivision, nor does it implicate any municipal services, such as sewage disposal or water supply. (Verizon's Br., at 11-15.) According to Verizon, it was required to obtain a building permit only in order to construct the project.

We begin by noting that under the MPC, zoning officers are required to "administer the zoning ordinance in accordance with its literal terms and shall not have the power to permit any construction or any use or change of use which does not conform to the zoning ordinance." 53 P.S. § 10614. Additionally, "[t]he right to a building permit is not clear [] where the applicant has not met all of the necessary requirements of a zoning ordinance, and a zoning officer may not issue a permit where there is such noncompliance." *Kirk v. Smay*, 367 A.2d 760, 762 (Pa. Cmwlth. 1976).

We further observe that when considering whether a site plan is required for a proposed use, this Court has looked to and relied on the plain language of the operative ordinance provision itself. In *Moy v. Zoning Hearing Board of Municipality of Monroeville*, 912 A.2d 373, 374 (Pa. Cmwlth. 2006), this Court considered whether the zoning hearing board erred in requiring the appellant to submit a site plan for an expansion to an existing restaurant. In addressing this issue, we looked to the applicable language of the zoning ordinance, which required an applicant seeking to "enlarge any structure" to obtain a site plan. *Id*. at 380. We concluded that site plan approval was required, emphasizing that the plain language of the ordinance controlled, and was dispositive to the issue on appeal. *Id.* at 379.

6

Similarly, in *Kirk*, 367 A.2d 760, the appellants sought approval to build a medical office on the site of an existing shopping center, which was a permitted use in the zoning district. The appellants filed a mandamus action in this Court, requesting that we enter an order directing the zoning officer to issue a building permit for the project, claiming that the officer improperly required site plan approval in order to obtain the building permit. This Court disagreed, and based upon the language of the ordinance we determined, "it is clear [] that the appellants were required to obtain site plan approval as a prerequisite to a building permit[,]" and the "the zoning officer's denial of the building permit was based properly upon noncompliance with the zoning ordinance." *Id.* at 761, 763.

Here, while the Board's written decision approved Verizon's request for a special exception to construct the monopole subject to the noted conditions, it also expressly advised Verizon that "[t]he granting of the special exception **does not eliminate the requirement of any zoning** or building **permit(s) that will be necessary**." (R.R. at 10a.) As to the Borough's zoning requirements, Article X of the Ordinance governs zoning in the C-1 District, and Section 374-35 plainly requires: "**All authorized uses** other than single-family dwellings in this district **shall be subject to the application requirements and approval procedures for the site plan approval specified in § 374-71** of this chapter." (S.R.R. at 653) (emphasis added). In turn, Section 374-71(2) of the Ordinance, directs that "**[n]o building permits shall be issued until after the site plan** and other required elements of the application **have been formally approved by Borough Council**." (S.R.R. at 677) (emphasis added).

Therefore, the record reflects that Verizon was on notice that it was required to comply with applicable zoning requirements upon gaining initial approval for the monopole project, and the Ordinance clearly sets forth the site plan requirement

7

for all uses other than single-family dwellings. As in *Kirk* and *Moy*, the plain language of the Ordinance controls. Based on the foregoing, we agree with the trial court that the Borough's imposition of the site plan requirement for the proposed monopole use was appropriate, and Verizon's argument to the contrary merits no relief.

### B. Equitable Estoppel

Verizon next maintains the trial court erred in failing to determine the Borough intentionally delayed the building permit process past the 180-day deadline by unlawfully requiring it to first obtain site plan approval, and is therefore equitably estopped from denying its building permit. (Verizon's Br., at 16-19.) In response, the Borough contends that Verizon has waived this issue on appeal, for failure to raise it in the trial court. (Borough's Br., at 22.)

Pennsylvania Rule of Appellate Procedure 302(a) provides that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. Our Supreme Court has emphasized that, "where the parties fail to preserve an issue for appeal, an appellate court may not address the issue[.]" *Gibraltar Rock, Inc. v. Department of Environmental Protection*, 286 A.3d 713, 724 (Pa. 2022).

Instantly, as argued by the Borough, Verizon did not raise an equitable estoppel issue in its land use appeal before the trial court. (R.R. at 2a-7a.) The trial court therefore did not have the opportunity to address this issue in its Rule 1925(a) opinion, leaving us with no decision to review. Accordingly, Verizon waived its second argument on appeal.[8]

---

[8] Moreover, even if we were to address Verizon's contention, it would not merit relief. To apply the doctrine of equitable estoppel to a governmental agency such as the Borough, the agency: "1) must have intentionally or negligently misrepresented some material fact; 2) known or had reason to know that the other party would justifiably rely on the misrepresentation; and 3) induced the other party to act to [its] detriment because of [its] justifiable reliance on the misrepresentation." *HUF Restaurant, Inc. v. Commonwealth*, 315 A.3d 205, 215 (Pa. Cmwlth. 2024). Here, we can see no

**(Footnote continued on next page…)**

## C. Deemed Approval

Lastly, Verizon maintains that it is entitled to deemed approval of the proposed monopole use because the Borough Council failed to state its reasons for denying Verizon's "land development plan," in contravention of Section 508(2) of the MPC. (Verizon's Br. at 19-22.)

We note at the outset that this appeal concerns Verizon's challenge to the Borough's **site plan** requirement for the proposed monopole use. However, Section 508 of the MPC, on which Verizon's argument is based, governs only "Approval of **plats**," which is not at all implicated in this case. The MPC defines the word "Plat," as "the map or plan of a subdivision or land development, whether preliminary or final." 53 P.S. § 10107. Section 508 provides:

> All applications for **approval of a plat** (other than those governed by Article VII), whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than 90 days following the date of the regular meeting of the governing body or the planning agency (whichever first reviews the application) next following the date the application is filed or after a final order of court remanding an application, provided that should the said next regular meeting occur more than 30 days following the filing of the application or the final order of the court, the said 90-day

---

evidence whatsoever in the record indicating that the Borough intentionally or negligently misrepresented a material fact by requiring Verizon to apply for site plan review. On the contrary, as explained above, the Ordinance expressly requires site plan approval for all uses other than single-family dwellings in the C-1 District. The Borough's advising Verizon of this requirement cannot be considered an affirmative misrepresentation warranting application of the estoppel doctrine. Accordingly, Verizon's argument on this issue would not merit relief, even if it were not waived.

9

period shall be measured from the 30th day following the day the application has been filed.

. . . .

(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon.

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect.

53 P.S. § 10508 (emphasis added). Thus, while Section 508 of the MPC does provide for deemed approval where a governing body fails to fulfill certain requirements, it does so only in the context of reviewing applications for **plat** approval.

Instantly, there is no support in the record for the notion that Verizon's proposed monopole use constitutes a "plat," as defined by the MPC. The approval process prescribed by Section 508 is therefore wholly inapplicable to the site plan at issue here, and the Borough was not obligated to follow the plat approval procedure.

Further, as previously noted, Section 374-71 of the Ordinance governs the process for site plan approval in the Borough and mandates that:

The Planning Commission shall review the application at a public meeting and shall forward written comments pertaining thereto to Borough Council. Borough Council shall act on the application within 60 days of final action by the Planning Commission or, if the Planning Commission fails to act, within 120 days of submission of the application.

10

(S.R.R. at 677.)

Accordingly, the applicable Ordinance provides no mechanism for an applicant to obtain deemed approval of its site plan application. Verizon's argument that it is entitled to deemed approval based on an inapplicable MPC provision merits no relief.

## IV. Conclusion

In sum, we affirm the trial court's order affirming the decision of the Borough Council concerning Verizon's proposed monopole use and dismissing Verizon's land use appeal.

PATRICIA A. McCULLOUGH, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Pittsburgh SMSA Limited Partnership d/b/a Verizon Wireless, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 945 C.D. 2025 |
| | : | |
| Pleasant Hills Borough Council | : | |

## ***ORDER***

AND NOW, this 27th day of March, 2026, the June 30, 2025 order entered in the Allegheny County Court of Common Pleas is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge